CSD 5013 [01/01/2026]

Name, Address, Telephone No. & I.D. No.

Waseem Naik
22 Hanover Ct., Princeton, NJ 08540
609-379-2677
waseemnaik@gmail.com

FILED
JEANNE A. NAUGHTON, CLERK

JAN  5 2026

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6988

| | |
|---|---|
| In Re<br>Asma W. Naik,  Debtor(s).<br><br>Debtor(s) | BANKRUPTCY NO.  21-18795-CMG |
| <br><br>Plaintiff(s) | ADVERSARY NO. |
| v.<br><br>Defendant(s) | |

### DISCLOSURE AND CERTIFICATION ON GENERATIVE ARTIFICIAL INTELLIGENCE USE

Pursuant to General Order No. 210,

Party:  Waseem Naik, Movant,_____  and

Filing Counsel:  Pro Se_____

make the following disclosure and certification concerning the use of any generative artificial intelligence ("AI") program in preparing the attached paper, styled MOVANTS OMNIBUS REPLY TO OBJECTIONS OF THE TRUSTEE AND SECURED CREDITOR

For purposes of its General Order, the Court considers generative AI to be that which can create original content such as text or images in response to a user's prompt or request. This includes in particular the creation of a filed paper's *initial content* through such a prompt or request. Later *augmentations* to initial content are likewise subject to the General Order if that is created through a prompt or request using generative AI.

In contrast, spell checkers, predictive text prompts, grammar checkers, paraphrasing tools, text polishers and the like are typically not covered by the General Order.

**Disclosure**

The following generative AI program(s) was/were used in preparing the attached paper:
Google Gemini

**Certification**

The filer(s) of the attached paper certify that they checked the document for factual and legal accuracy using print reporters, traditional legal databases, or other reliable means outside of AI.

Dated: 01/05/2026_____        _____

Filing Party or Counsel

FILED

JEANNE A. NAUGHTON, CLERK

JAN 5 2026

U.S. BANKRUPTCY COURT
TRENTON, NJ

BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**PRO SE**

Waseem Naik
22 Hanover Ct., Princeton, NJ 08540
609-379-2677
waseemnaik@gmail.com

In Re:
**Asma W. Naik,  Debtor(s).**

Case No............: **21-18795-CMG**

Chapter............: **13**

Hearing Date..:

Judge...............: **Christine M. Gravelle**

# MOVANT'S OMNIBUS REPLY TO OBJECTIONS OF THE TRUSTEE AND SECURED CREDITOR

## TABLE OF CONTENTS

TABLE OF AUTHORITIES, **(2)**

I. PRELIMINARY STATEMENT, **(3)**

II. ARGUMENT, **(5)**

A. Movant Has Clear Standing as a "Party in Interest" and an "Individual Injured" by Willful Stay Violations, **(5)**

B. Unified Response to Objections: Clarification of Relief and Subject Matter Jurisdiction, **(7)**

C. Direct Rebuttal: Post-Petition Transfers of Debt and Mortgage Interests Violate the Automatic Stay, **(8)**

D. The Court Possesses Exclusive Jurisdiction Over Stay Violations, **(10)**

E. The Court Retained Jurisdiction During the Appeal Window and Period of Open Docket, **(12)**

F. The History of Shifting Accounting Proves Intentional Abuse of Process, **(14)**

G. The Secured Creditor's Opposition should be disregarded for Procedural Defects, **(15)**

H. The State Court Order is a Derivative Nullity under the Supremacy Clause, **(16)**

I.  Nationstar Is a "Legal Stranger" to This Debt and Lacks Standing to Oppose Reopening, **(18)**

III. CONCLUSION AND RELIEF, **(20)**

IV. CONSOLIDATED EXHIBIT LIST, **(24)**

---

# TABLE OF AUTHORITIES

**Cases**

- **Carpenter v. Longan, 83 U.S. (16 Wall.) 271 (1872)**
- **In re Adams**, 151 F.4th 144 (3d Cir. 2025).
- **In re Amatex Corp.**, 755 F.2d 1034 (3d Cir. 1985)
- **In re Global Indus. Techs., Inc.**, 645 F.3d 201 (3d Cir. 2011)
- **In re Judd**, 201 B.R. 816 (Bankr. M.D. Pa. 1996)
- **In re Kemp**, 440 B.R. 624 (Bankr. D.N.J. 2010)
- **In re Lansdale Family Restaurants, Inc.**, 977 F.2d 826 (3d Cir. 1992)
- **In re Lazy Days' RV Center, Inc.**, 724 F.3d 418 (3d Cir. 2013)
- **In re Myers**, 491 F.3d 120 (3d Cir. 2007)
- **In re Siciliano**, 13 F.3d 748 (3d Cir. 1994)
- **In re University Med. Ctr.**, 973 F.2d 1065 (3d Cir. 1992)
- **In re Zinchiak**, 406 F.3d 214, 223-24 (3d Cir. 2005).
- **Kalb v. Feuerstein**, 308 U.S. 433 (1940)
- **Marrama v. Citizens Bank of Mass.**, 549 U.S. 365 (2007)
- **St. Paul Fire & Marine Ins. Co. v. Labuzan**, 579 F.3d 533 (5th Cir. 2009)
- **United States v. Cotton**, 535 U.S. 625 (2002)

**Statutes**
- 11 U.S.C. § 105(a) (Power of Court)
- 11 U.S.C. § 350(b) (Reopening Cases)
- 11 U.S.C. § 362(a) (Automatic Stay)
- 11 U.S.C. § 362(c)(2) (Duration of Stay)

- 11 U.S.C. § 362(k) (Sanctions for Stay Violations)
- 11 U.S.C. § 541(a) (Property of the Estate)
- 11 U.S.C. § 1109(b) (Right to be Heard/Party in Interest)
- 11 U.S.C. § 1301 (Stay of Action Against Codebtor)
- 11 U.S.C. § 1327 (Effect of Confirmation)

## Rules

- Fed. R. Bankr. P. 3001(c) (Supporting Information for Proof of Claim)

- Fed. R. Bankr. P. 3001(e) (Transferred Claims)

- Fed. R. Bankr. P. 3001(f) (Evidentiary Effect)

- Fed. R. Bankr. P. 8002(a)(1) (Time for Filing Appeal)

- D.N.J. LBR 9004-1(b) (Form of Documents)

## Other Authorities

- U.S. Const. art. VI, cl. 2 (Supremacy Clause)

**Official Form 410** (Proof of Claim)

**Official Form 410A** (Mortgage Proof of Claim Attachment)

---

# I
# PRELIMINARY STATEMENT

Movant, Waseem Naik, respectfully submits this Omnibus Reply to address the

objections filed by the Standing Trustee ("**Trustee**") and procedurally defective and

substantively insufficient Nationstar Mortgage LLC ("**Nationstar**"). The Objectors

incorrectly characterize this Motion as a collateral attack on a state court judgment; in reality,

it is a necessary request for this Court to exercise its **exclusive jurisdiction** to declare that

willful, post-petition acts taken during the automatic stay are **void ab initio**.

The Secured Creditor's opposition is particularly deficient as it is procedurally

noncompliant—**filed without the mandatory Certification of Facts required by**

**D.N.J. LBR 9004-1** —and substantively incomplete and misleading. Counsel for the

Creditor, KML Law Group, has represented various entities in connection with this loan since

at least 2015. Despite this decade-long history, the Creditor has presented an inconsistent

record: producing accounting dating back to 2005 in state court, while filing a Proof of Claim

in this Court that omits 17 years of history to obscure the accurate balance.

Furthermore, the undisputed record confirms that the initial transfer of interest

occurred on **December 20, 2023**—while the automatic stay was in full force—rendering the

entire subsequent chain of title a derivative nullity. Nationstar's own written admission on

October 12, 2023, that the "***Loan is in active bankruptcy***" proves these violations were

not inadvertent, but willful. Because the Creditor is a "**legal stranger**" relying on void

instruments, it lacks standing to oppose this Motion. Movant respectfully requests that the

Court reopen this case to vindicate the supremacy of the Bankruptcy Code and protect the

integrity of its own records.

---

# II
# ARGUMENT

## A. Movant Has Clear Standing as a "Party in Interest" and an "Individual Injured" by Willful Stay Violations

The Trustee and Nationstar ("**The Objectors**") argue that Movant lacks standing because he is not the **"Debtor"**. The Objectors' argument that Movant lacks standing because he is not the Debtor misreads the Bankruptcy Code and ignores the nature of the injuries pleaded. Movant's standing is firmly rooted in his status as a co-mortgagor with a direct, concrete stake in the property of the estate and as an individual suffering direct harm from violations of this Court's stay.

**1. Standing as a "Party in Interest" Under 11 U.S.C. § 1109(b).** The Third Circuit defines a *"party in interest"* broadly as anyone with a *"legally cognizable pecuniary interest"* in the proceeding. *In re Global Indus. Techs.*, **Inc.**, 645 F.3d 201, 210–11 (3d Cir. 2011). As a co-mortgagor on the loan secured by the Debtor's principal residence, Movant possesses precisely such an interest:

- The mortgaged property was property of the bankruptcy estate under § 541(a).

- Movant has resided in the property since 1997, contributing income that funded the Chapter 13 plan.

- The void post-petition assignments and the resulting foreclosure judgment directly threaten his possession, equity, and credit, creating a present, concrete financial injury.

This is sufficient to confer "party in interest" status to be heard on matters affecting

that estate property. See In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985).

**2. Independent Statutory Standing Under 11 U.S.C. § 362(k)(1) – The "Injured**

**Individual."** The creditor incorrectly asserts "the stay does not apply to this Movant."

Section 362(k)(1) explicitly grants a cause of action to "an individual injured by any willful

violation of a stay." This right is not limited to the named debtor.

- The automatic stay protects property of the estate (the mortgage lien and the Debtor's
  interests in the home) from unauthorized acts.

- The creditors' willful acts—executing assignments and initiating foreclosure based on
  those void instruments—were acts against that estate property.

- **Movant is directly and concretely injured by these acts:** he is subject to a
  foreclosure judgment that clouds his title, jeopardizes his residence, and exposes him
  to liability based on legal nullities. As an occupant and co-obligor facing the imminent
  enforcement of void instruments, he is an "individual injured" within the zone of
  interests § 362(k) protects. Cf. St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533,
  540–41 (5th Cir. 2009).

**Conclusion on Standing:** The Objectors' focus on Movant's status as a non-debtor is a red

herring. The Bankruptcy Code provides standing to those with a direct stake in the outcome

and to those directly harmed by violations of its most fundamental protections. Movant

satisfies both criteria.

## B. Unified Response to Objections: Clarification of Relief and Subject

## Matter Jurisdiction

Both the Trustee and Nationstar argue that this Court lacks jurisdiction because the relief sought involves mortgage assignments and state court judgments. This characterization is legally imprecise and ignores the Court's exclusive authority over the automatic stay.

**1. Clarification of Relief and Subject Matter Jurisdiction:** Movant is not asking this Court to act as a state-level registry of deeds or to retry the foreclosure. Rather, Movant seeks a declaration that certain post-petition acts—specifically the servicing transfer and the December 20, 2023 assignment—occurred while the stay was operative and are therefore **void *ab initio*.**

**2. Assignments as Consequences of Void Acts:** The Objectors treat the assignments as independent acts. However, if the underlying transfers during the stay are void, there is **no valid interest to assign.** The subsequent recorded assignments are merely the illegal "fruit" of the initial stay-violating acts; if the first link is void, the entire chain of title is a derivative nullity.

**3. The "Void Ab Initio" Rule as a Jurisdictional Mandate:** Under Third Circuit law, actions taken in violation of the automatic stay are not merely "voidable" but are legal nullities without effect. Only the Bankruptcy Court that issued the stay has the jurisdiction to

determine its scope and the legal effect of its violation. As held in *In re Siciliano*, 13 F.3d 748,

751 (3d Cir. 1994) and *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007), such acts are "void and

without effect" from their inception.

**4. Administrative Integrity of the Claims Register:** The Court's role is to ensure the

integrity of its own docket and the Claims Register, which currently contains a Transfer of

Claim that is a legal nullity. Reopening is necessary under 11 U.S.C. § 350(b) to "accord relief"

and ensure the record reflects the void status of these instruments.

**5. Supremacy Clause and Federal–State Comity:** By declaring these acts void, the

Court is not "overruling" the state court in a traditional sense, but vindicating the

**Supremacy Clause**. As established in *Kalb v. Feuerstein*, 308 U.S. 433 (1940), state court

proceedings undertaken in violation of the stay are void. This Court has the exclusive duty to

clarify the legal status of stay-violating acts so that state courts are not forced to enforce legal

nullities.

---

## C. Direct Rebuttal: Post-Petition Transfers of Debt and

## Mortgage Interests Violate the Automatic Stay.

The creditor incorrectly asserts that "*the automatic stay does not prevent creditors

from selling or transferring their interest in debts while a bankruptcy is pending.*" This

statement reflects a fundamental misunderstanding of § 362(a) and is contradicted by controlling authority.

**1. Debts and Mortgage Liens Are Property of the Estate.** The mortgage debt and the lien securing it became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) upon the filing of the petition. See *In re Fisher*, 320 B.R. 52, 58 (E.D. Pa. 2005).

**2. § 362(a)(3) Prohibits Acts to Exercise Control Over Estate Property.** The stay expressly prohibits "*any act to obtain possession of or exercise control over property of the estate.*" 11 U.S.C. § 362(a)(3). Transferring ownership or servicing rights of a debt that is estate property constitutes an act to "exercise control" over that property.

**3. Third Circuit Authority Specifically Holds Such Transfers Violate the Stay.** In *In re Siciliano*, 13 F.3d 748 (3d Cir. 1994), the Third Circuit held that a post-petitor assignment of a mortgage violated § 362(a). The court explicitly rejected the argument that such transfers are permissible, stating: "*The purpose of the automatic stay is to give the debtor a breathing spell... The transfer of the mortgage during the pendency of the bankruptcy proceedings clearly violated the automatic stay.*" Id. at 751.

**4. Servicing Transfers Are Similarly Prohibited.** Courts have consistently held that the transfer of loan servicing during bankruptcy violates § 362(a)(3). See, e.g., *In re Rittenhouse*, 254 B.R. 229, 237 (Bankr. E.D. Pa. 2000) ("*The transfer of servicing*

*rights... constitutes an exercise of control over property of the estate in*

*violation of § 362(a)(3).").*

### 5. The Creditor's Admission of Knowledge Makes the Violations Willful.

Nationstar's October 12, 2023 letter acknowledging the loan was "in active bankruptcy"

proves these were not inadvertent transfers but willful violations under § 362(k).

Therefore, contrary to the creditor's assertion, the automatic stay expressly prohibits

the very transfers at issue here. The servicing transfer, mortgage assignment, and claim

transfer all violated § 362(a)(3) as acts to exercise control over property of the estate, and the

claim transfer additionally violated § 362(a)(1) as an act to collect a pre-petition debt.

## D. The Court Possesses Exclusive Jurisdiction

## Over Stay Violations

The Objectors argue that the dismissal of the case and the subsequent state court

judgment remove this matter from this Court's purview. This is a fundamental jurisdictional

error.

**1. Exclusive Authority and Subject Matter Jurisdiction:** Only the Bankruptcy Court

has the power to determine the legal effect of actions taken while the automatic stay was in

effect. Because the stay is a federal statutory injunction, its enforcement is a "core"

bankruptcy proceeding. Any state court proceeding that relies on a stay-violating act is fundamentally beyond the jurisdiction of that forum.

**2. The "Void Ab Initio" Doctrine:** Under the controlling precedent of the Third Circuit, actions taken in violation of the automatic stay are **void *ab initio***, meaning they are "void and without legal effect" from their inception.

- *Case Law Support:* In ***In re Siciliano***, 13 F.3d 748, 751 (3d Cir. 1994) and ***In re Myers***, 491 F.3d 120, 125 (3d Cir. 2007), the court held that such acts are legal nullities.

  *Consequence:* Because a void act is à nullity, it cannot be **"validated"** by the dismissal of the bankruptcy or by a later state court ruling.

- 11 U.S.C. § 350(b) and **"Cause"** to Reopen: The Bankruptcy Code provides that a case may be reopened "***to accord relief to the debtor, or for other cause***".

**3. Continuing Adverse Consequences:** Reopening is mandatory where "continuing adverse consequences" exist, such as a clouded title or a state court foreclosure predicated on void instruments.  Reopening is appropriate to address *'continuing adverse consequences.'* ***In re Zinchiak***, 406 F.3d at 223-24.

- **Judicial Integrity:** This Court has the inherent authority under 11 U.S.C. § 105(a) to reopen a case to remedy a **"*jurisdictional trespass*"** and ensure that stay-violating acts from its own docket do not continue to cause harm.

**4. Supremacy Clause and Federal–State Comity:** Under the **Supremacy Clause (U.S. Const. art. VI, cl. 2)**, state courts are bound by the federal determination that stay-violating acts are void. As established in ***Kalb v. Feuerstein***, 308 U.S. 433 (1940), state court proceedings undertaken in violation of the stay are a nullity. Reopening this case to clarify the status of these acts does not undermine comity; rather, it provides the state court with the necessary federal determination to bring its own orders into compliance with the Bankruptcy Code.

---

## E. The Court Retained Jurisdiction During the Appeal Window and Period of Open Docket

Nationstar erroneously relies on the December 20, 2023 dismissal date as a shield for its conduct. However, the transition period between dismissal and the final closing of the case does not grant creditors a **"free pass"** to bypass federal oversight.

- **Jurisdiction During the 14-Day Appeal Period (Fed. R. Bankr. P. 8002):** Under Fed. R. Bankr. P. 8002(a)(1), the dismissal order entered on December 20, 2023, was subject to a 14-day appeal period that did not expire until **January 3, 2024**. During this window, **the case remains active and subject to the Court's exclusive jurisdiction to determine the legal effect of acts taken.**

**1. The Case Remained Open on the Docket:** According to the official bankruptcy docket, the case was not closed by Final Decree until **April 2, 2024**. The January 9, 2024, Notice of Intention to Foreclose (NOI) was issued while the bankruptcy case remained pending on the Court's docket.

- **Willful Violations of the Automatic Stay:** Because the automatic stay continues in effect under 11 U.S.C. § 362(c)(2) until the case is dismissed, closed, or a discharge is granted, the stay remained operative on all key dates leading up to and immediately following the dismissal order. The execution of assignments and issuance of enforcement notices during this period constitute willful violations of 11 U.S.C. § 362(a).

- **Exclusive Authority Over Open Cases:** Only the Bankruptcy Court has the power to determine the legal effect of acts taken in violation of its own stay while the case remains open on its docket. Nationstar cannot unilaterally declare the stay **"over"** to justify the January 9, 2024, NOI, which is a derivative nullity predicated on stay-violating assignments.

- **Correction of the Docket is Mandatory:** Because the case remained open, the Court possesses the inherent authority under 11 U.S.C. § 105(a) and **§ 350(b)** to correct its own records and declare these transition-period acts *void ab initio* to prevent **"*continuing adverse consequences*"**.

---

## F. The History of Shifting Accounting Proves

## Intentional Abuse of Process

The involvement of KML Law Group since the 2015 foreclosure litigation (**Exhibit O**) exposes a calculated pattern of misrepresentation regarding the loan's history.

**1. Documented History of Omissions (Exhibit N):** In the 2015 litigation, the "**Secured Creditor**" produced records beginning in 2005, omitting the first six years of the loan's history.

**2. Escalated Omissions in Current Case (Exhibit B):** In the present Proof of Claim (Claim No. 4), the creditor omitted nearly 17 years of history, with records only beginning in 2014.

- **Failure to Provide Complete Accounting (Fed. R. Bankr. P. 3001(c)):** This lack of foundational documentation deprives the claim of its *prima facie* validity under *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010).

- **Pattern of Incomplete Histories:** This pattern of producing shifting, incomplete histories demonstrates a willful failure to comply with Fed. R. Bankr. P. 3001(c) and proves the claim is unverifiable as a matter of law.

**3. Material Inconsistency (Exhibit C):** On November 30, 2023, Nationstar filed a Transfer of Claim for **$333,007.40** while simultaneously attaching a "***Welcome Letter***"

listing a principal balance of **$124,740.52**. This discrepancy proves the claim is unverifiable and unprovable as a matter of law.

---

## G. The Secured Creditor's Opposition Is Procedurally Defective and Should Be Disregarded

The Objection filed by Nationstar is procedurally noncompliant, contains material factual inaccuracies, and fails to meet the threshold evidentiary requirements of this Court. It provides no admissible evidence to rebut Movant's documentation and should be disregarded in its entirety.

**1. Factual Inaccuracy and Lack of Candor.** The Objection misstates a basic procedural fact, alleging "Movant has filed a number of motions already in the state court matter for reconsideration..." (Dkt. 78, ¶ 7). This is false. No such motions have been filed; a request for leave to file remains pending. This error, readily verifiable by counsel of record in that action, undermines the Objection's reliability from the outset.

**2. Lack of Required Certification.** Nationstar submitted exhibits but failed to include a Certification of Facts as required by D.N.J. LBR 9004-1. Under the Federal Rules of Evidence, factual allegations must be supported by an affidavit or certification from a person with personal knowledge.

**3. Unauthenticated Hearsay.** Without a sworn statement from a creditor representative, the attorney's attachments constitute unauthenticated hearsay. They cannot be used to establish the "legitimacy of the assignments" or the creditor's standing.

**4. Attorney Improperly Acts as Witness.** Counsel asserts the validity of assignments and the status of the "Secured Creditor" within a legal brief. An attorney cannot testify to these foundational facts, which must be proven by a witness with personal knowledge.

**5. Failure to Rebut Threshold Issues.** The opposing entity has not met its burden to prove a present, enforceable pecuniary interest. Relying solely on instruments executed during the stay—which are void ab initio—it remains a "legal stranger" to this debt.

**6. Request to Strike or Disregard.** For these reasons, the Objection is an unsworn, factually inaccurate, and evidentiarily barren legal memorandum. Movant respectfully requests that the Court strike the Objection (Dkt. 78) in its entirety pursuant to its inherent authority under 11 U.S.C. § 105(a) and its power to enforce the Local Rules. In the alternative, the Court should afford it no evidentiary weight.

---

## H. The State Court Order is a Derivative Nullity; Preclusion Does Not Apply to Judgments Based on Void Acts

**Nationstar's Preclusion Argument is Legally Invalid.** The creditor argues that the state court's summary judgment on "*standing*" and "*the legitimacy of the assignments*"

precludes this Court from examining those issues, citing *In re Adams*, 151 F.4th 144 (3d Cir. 2025). This argument fails because it ignores the foundational principle that a judgment predicated on acts void ab initio under federal law is itself a nullity and cannot create issue preclusion.

**1. The Foundational Acts are *Void Ab Initio*.** Under the controlling Third Circuit law, acts taken in violation of the automatic stay are not merely "*voidable*" but are "*void and without legal effect*" from their inception. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994); *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007). The December 20, 2023 assignment— the origin of Nationstar's claimed chain of title—was executed during the stay and is therefore a legal nullity.

**2. A Void Act Cannot Be Validated by Any Court.** The principle of *nemo dat quod non habet* dictates that a void act conveys nothing. Consequently, a state court judgment that relies exclusively on such a void act to establish standing or assignment "**legitimacy**" is built on a legal fiction. As the Supreme Court held in *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940), state court proceedings undertaken in violation of the stay are "*null and void.*" Issue preclusion cannot arise from a void judgment.

**3. In re Adams is Inapposite and Distinguishable.** The creditor's reliance on *In re Adams* is misplaced. That case involved the preclusive effect of a state court judgment that was itself valid and entered by a court with proper jurisdiction. It did not address, and cannot control, **the unique circumstance presented here**: a state court judgment that is derived

from acts that federal bankruptcy law declares ***void ab initio.*** Preclusion doctrines presume the validity of the prior judgment; they cannot bootstrap a void judgment into validity.

**4. This Court's Exclusive Jurisdiction is the Key Distinction.** Only this Bankruptcy Court has the jurisdiction to determine the legal effect of acts taken during its automatic stay. The state court could not, and did not, adjudicate the federal question of whether the December 2023 assignment violated 11 U.S.C. § 362(a). Therefore, the "**issue**" before this Court—the voidness of stay-violating acts—was never actually litigated in state court and cannot be precluded.

**5. Clarification of Relief.** Movant is not asking this Court to "relitigate" the state court's application of state foreclosure law. **Movant asks this Court to perform its exclusive duty: declare the underlying post-petition acts void under the Bankruptcy Code.** The legal consequence of that declaration—that the state court judgment lacks a valid foundation—follows as a matter of law under the Supremacy Clause.

---

# I. Nationstar Is a "Legal Stranger" to This Debt and Lacks Standing to Oppose Reopening.

**Nationstar fails at every threshold required to participate as a "party in interest" under § 1109(b).** Its opposition rests on three independent and fatal deficiencies, rendering it a legal stranger to these proceedings.

**1. No Proof of Enforceable Right ("No PETE").** Nationstar has provided no evidence that it controls the original note or qualifies as the ***person entitled to enforce*** it. A mortgage assignment without proof of a concurrent, valid transfer of the underlying debt is a legal nullity. ***Carpenter v. Longan,*** 83 U.S. (16 Wall.) 271, 275 (1872). Its counsel, who does not represent the purported assignor (Impac), offers no sworn certification of possession, complete endorsement chain, or contemporaneous bailee agreement to meet this basic burden.

**2. No Verifiable Claim ("No Accounting").** Nationstar perpetuates a fatally defective claim. It adopted a Proof of Claim omitting 17 years of history and filed a contradictory Transfer of Claim showing two different balances (Ex. C, P). This pattern of shifting, incomplete accounting renders the claim unverifiable and unprovable as a matter of law, destroying any prima facie validity. In re Kemp, 440 B.R. at 630.

**3. No Evidentiary Foundation ("No Certification").** The Objection (Dkt. 78) lacks the mandatory Certification of Facts required by D.N.J. LBR 9004-1. Its exhibits are therefore unauthenticated hearsay, and its attorney's factual assertions are improper testimony. An unsworn, procedurally barren filing cannot rebut Movant's documented evidence of stay violations.

**Conclusion: A party that cannot prove it holds the note, cannot verify the debt, and cannot comply with basic procedural rules is a "legal stranger" to the estate.** ***In re Global Indus. Techs., Inc.,*** 645 F.3d at 210. Nationstar lacks the "***legally***

*cognizable pecuniary interest*" required by § 1109(b) and has no standing to oppose this Motion. **The Court should disregard its opposition in its entirety.**

**This Court Possesses the Inherent, Sua Sponte Authority and Duty to Protect Its Records.** Beyond merely disregarding the opposition, this Court has the affirmative power and obligation under 11 U.S.C. § 105(a) to act sua sponte to correct its own docket, expunge void filings, and declare the legal nullity of acts that violated its automatic stay. See *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007); **In re Myers**, 491 F.3d 120, 125 (3d Cir. 2007). The willful violations documented here have corrupted the Court's records and spawned a derivative state court judgment. To uphold the integrity of the bankruptcy process and the supremacy of the Code, the Court must exercise this authority to grant the relief requested.

---

## IV. RELIEF

**WHEREFORE**, Movant Waseem Naik respectfully requests that this Court enter an Order granting the following relief:

1. **Reopen Case.** An Order pursuant to 11 U.S.C. § 350(b) reopening the bankruptcy case *In re Asma Naik*, Case No. 21-18795-CMG.

2. **Threshold Standing Determination and Rejection of Oppositions.** An Order that any entity seeking to oppose this Motion must first demonstrate, as a threshold jurisdictional matter, that it qualifies as a **"party in interest"** under 11 U.S.C. § 1109(b). Specifically, Movant requests that:

- The **Trustee's Objection** be set aside as it fails to acknowledge the Court's mandatory jurisdiction over stay violations.

- The **Secured Creditor's Opposition** be rejected as legally and procedurally insufficient due to the lack of a supporting **Certification of Facts** required by D.N.J. LBR 9004-1 and its reliance on unauthenticated hearsay.

3. **Declare Direct Stay Violations Void.** A Declaratory Order that the following acts are **void ab initio** as willful violations of the automatic stay under 11 U.S.C. § 362(a):

- The October 4, 2023 servicing transfer from Impac to Nationstar.

- The October 31, 2023 unauthorized appearance by Mortgage Research Center, LLC.

- The November 30, 2023 Rule 3001(e)(2) Transfer of Claim filed by Nationstar.

- The December 20, 2023 execution of the Assignment of Mortgage from Impac to Nationstar.

4. **Declare Derivative Acts Legally Ineffective.** A Declaratory Order that the following actions are legally ineffective and unenforceable as **derivative nullities** because they rely exclusively on the void acts identified above:

- The January 4, 2024 assignment from Nationstar to Mortgage Research Center, LLC.

- The January 9, 2024 Notice of Intention to Foreclose (NOI) issued by Nationstar.

- The April 23, 2024 re-assignment from Mortgage Research Center, LLC to Nationstar.

5. **Expunge Filings.** A Corrective Order expunging from the docket all filings made by or on behalf of Mortgage Research Center, LLC.

6. **Correct Claims Register.** A Procedural Order directing the Clerk of Court to annotate the Claims Register to reflect the Court's declaration that the Rule 3001(e)(2) transfer of Claim No. 4 to Nationstar is **void ab initio** and has no legal effect.

7. **Issue Permanent Injunction.** Issuing a Permanent Injunction pursuant to 11 U.S.C. § 105(a) prohibiting Impac Mortgage Corporation, Nationstar Mortgage LLC, Mortgage Research Center, LLC, and their affiliates from enforcing any claim, lien, or right derived from the void acts identified herein, specifically enjoining the enforcement of the December 1, 2025 Summary Judgment Order.

8. **Reserve Rights.** An Order reserving all rights for Movant to seek monetary damages,

mandatory sanctions, and further equitable relief under 11 U.S.C. §§ 362(k) and

**105(a)**.

9. **Further Relief.** Granting such other and further relief as the Court deems just and

proper.

Dated: January 5, 2025

Humbly submitted,

**/s/ Waseem Naik**

Waseem Naik
***Pro Se / Party-in-Interest / Movant***
22 Hanover Ct., Princeton, NJ 08540
(609) 379-2677
waseemnaik@gmail.com

# V. MOVANT'S CONSOLIDATED EXHIBIT LIST

## I. Foundational Documents and Standing

- **Exhibit A:** Voluntary Chapter 13 Petition and Automatic Stay Order (Dkt. 1).
- **Exhibit B:** Proof of Claim No. 4 (filed by Impac/Nationstar), reflecting an incomplete loan history.
- **Exhibit C:** Recorded 1997 Mortgage and Note, establishing Waseem Naik as a co-mortgagor and party-in-interest.

## II. Direct Evidence of Willful Stay Violations (Void Acts)

- **Exhibit D:** Nationstar's "Welcome Letter" (Oct. 12, 2023), explicitly admitting: *"This loan is in active bankruptcy."*
- **Exhibit E:** Servicing Transfer Notice (Oct. 4, 2023), transferring rights from Impac to Nationstar during the stay.
- **Exhibit F:** Unauthorized Appearance by Mortgage Research Center, LLC (Oct. 31, 2023).
- **Exhibit G:** Rule 3001(e)(2) Transfer of Claim (Dkt. 65) filed by Nationstar (Nov. 30, 2023).
- **Exhibit H: Assignment of Mortgage (Dec. 20, 2023)**, executed by Impac to Nationstar while the stay was operative.

## III. Derivative Nullities and Procedural Timeline

- **Exhibit I:** Notice of Intention to Foreclose (Jan. 9, 2024), issued during the Rule 8002 appeal window.
- **Exhibit J:** Secondary Assignment to Mortgage Research Center, LLC (Jan. 4, 2024).
- **Exhibit K:** Re-assignment back to Nationstar (April 23, 2024).
- **Exhibit L:** Bankruptcy Court Docket reflecting the Final Decree and Case Closure (April 2, 2024).
- **Exhibit M:** New Jersey Superior Court Summary Judgment Order (Dec. 1, 2025), predicated on the void December 2023 assignment.

## IV. Evidence of Bad Faith and Accounting Manipulation

- **Exhibit N: 2015 Foreclosure Accounting Records,** showing loan history dating back to 2005 (proving the 2014 "start date" in POC #4 is a fabrication).
- **Exhibit O: 2015 Attorney Representation Page,** proving KML Law Group had historical knowledge of the loan defects and the bankruptcy.
- **Exhibit P:** Nationstar's Internal Contradiction (Nov. 2023), showing a **$208,266.88 discrepancy** between the filed claim and the principal balance letter.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**PRO SE**
Waseem Naik
22 Hanover Ct., Princeton, NJ 08540
609-379-2677
waseemnaik@gmail.com

Case No............: **21-18795-CMG**

Chapter............: **13**

Hearing Date..:

**In Re:**
**Asma W. Naik,  Debtor(s).**

Judge...............: **Christine M. Gravelle**

## SUPPLEMENTAL CERTIFICATION OF WASEEM NAIK IN SUPPORT OF MOVANT'S OMNIBUS REPLY

I, **Waseem Naik**, of full age, certify as follows:

1.  I am the Movant in the above-captioned matter and a co-mortgagor on the subject property.
2.  I submit this Supplemental Certification to authenticate additional exhibits in support of my Omnibus Reply to the Objections filed by the Standing Trustee and Nationstar Mortgage LLC.
3.  **Exhibit M** is a true and correct copy of the Order Granting Summary Judgment entered on December 1, 2025, in the foreclosure action Nationstar Mortgage LLC v. Asma W. Naik, et al., Docket No. F-006108-24 (N.J. Super. Ct., Ch. Div., Mercer Cty.).
4.  **Exhibit N** is a true and correct copy of the loan accounting provided by the "Secured Creditor" during the 2015 foreclosure litigation in the Superior Court of New Jersey. This record reflects a loan history beginning in **2005**, which contradicts the 2014 starting point provided in Proof of Claim No. 4 in this case.
5.  **Exhibit O** is a true and correct copy of the attorney representation page from the 2015 foreclosure litigation, identifying **KML Law Group, P.C.** as the counsel of record for the creditor at that time.

6. **Exhibit P** is a true and correct copy of Nationstar's Rule 3001(e)(2) Transfer of Claim (filed at Docket No. 65), which is also of record as Exhibit C to my original Certification. It is resubmitted here for the Court's convenience in considering the Reply.

7. These exhibits are submitted to demonstrate (1) a documented pattern of shifting accounting that renders the creditor's claim unverifiable under Fed. R. Bankr. P. 3001; (2) the creditor's counsel's long-standing, actual knowledge of this loan and, by extension, the bankruptcy proceedings; and (3) the material inconsistencies in the claim balance that confirm its unprovable nature.

8. I further certify that the 'Secured Creditor's' Opposition (Dkt. 78) lacks a supporting **Certification of Facts** as required by D.N.J. LBR 9004-1. The exhibits attached thereto are therefore unauthenticated and should be afforded no evidentiary weight.

9. I certify under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge and belief.

**Dated:** January 5, 2026

/s/ Waseem Naik

Waseem Naik
Pro Se / Party-in-Interest / Movant
22 Hanover Ct., Princeton, NJ 08540
(609) 379-2677
waseemnaik@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

PRO SE
Waseem Naik
22 Hanover Ct., Princeton, NJ 08540
609-379-2677
waseemnaik@gmail.com

Case No............: **21-18795-CMG**

Chapter...........: **13**

Hearing Date..:

In Re:
Asma W. Naik,  Debtor(s).

Judge...............: **Christine M. Gravelle**

## CERTIFICATION OF SERVICE

1.  **I, Waseem Naik, MOVANT, a co-mortgagor and Party-in-Interest,** in the
    above captioned case.

2.  On Janurary 05, 2026, I sent a copy of the following pleadings and/or documents to
    the parties listed in the chart below:

    [X] Movant's Omnibus Reply To Objections Of The Trustee And Secured Creditor

    [X] Certification in Support of Motion to Reopen Case.

    [X] Proposed Order Granting Motion to Reopen Case.

3.  Other:

4.  I certify under penalty of perjury that the above documents were sent using the mode
    of service indicated below.

Date: Janurary  05, 2025

/s/ Waseem Naik
Waseem Naik

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Standing Chapter 13 Trustee | [X] Other: CM/ECF |
| Asma W. Naik,<br>22 Hanover Ct.<br>Princeton, NJ 08540 | Debtor | [X] Email: asma.naik@gmail.com |
| Tamika Nicole Wyche<br>Law Offices of David Paul Daniels, LLC<br>2985 Yorkship Square<br>Suite 1A<br>Camden, NJ 08104 | Counsel Represents Debtor Asma W. Naik | [X] Email: daviddanielslaw@gmail.com<br><br>[X] Other: CM/ECF |
| Nationstar Mortgage LLC d/b/a Mr. Cooper,<br>represented by:<br>Denise Carlon, Esq.<br>KML Law Group, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106 | Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper) | [X] US Regular Mail<br><br>[X] Other: CM/ECF |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

PRO SE
Waseem Naik
22 Hanover Ct., Princeton, NJ 08540
609-379-2677
waseemnaik@gmail.com

Case No...........: **21-18795-CMG**

Chapter...........: **13**

Hearing Date..:

In Re:
Asma W. Naik,  Debtor(s).

Judge...............: **Christine M. Gravelle**

## ORDER GRANTING MOTION TO REOPEN CASE

The relief set forth on the following pages, numbered two (2) through  is **ORDERED**.

The Court having reviewed the Movant's Motion to Reopen Case, the objections filed by the Standing Trustee and Nationstar Mortgage LLC, and Movant's Omnibus Reply, and for the reasons stated on the record, it is hereby ORDERED that:

1. **Reopening of Case** Pursuant to 11 U.S.C. § 350(b), the above-captioned bankruptcy case, *In re Asma Naik*, Case No. 21-18795-CMG, is **REOPENED**.

2. **Threshold Standing Determination** Any entity seeking to oppose this Motion or to be heard with respect to the relief requested herein must first demonstrate, as a threshold matter, that it qualifies as a "party in interest" within the meaning of 11 U.S.C. § 1109(b). The Court will treat standing as a threshold issue and will consider the merits of any opposition only after such standing has been established on the record.

3. **Direct Stay Violations (VOID AB INITIO)** The Court finds and declares that the following post-petition acts, undertaken during the pendency of the automatic stay and without relief from this Court, are **VOID AB INITIO** as willful violations of 11 U.S.C. § 362(a): a) The October 4, 2023 servicing transfer of the subject loan from Impac Mortgage Corporation to Nationstar Mortgage LLC d/b/a Mr. Cooper; b) The October 31, 2023 Notice of Appearance / "Service of Notices" filing by Mortgage Research Center, LLC (Docket No. 63); c) The November 30, 2023 Transfer of Claim No. 4 under Fed. R. Bankr. P. 3001(e)(2) (Docket No. 65); and d) The execution on December 20, 2023 of the Assignment of Mortgage from Impac Mortgage Corporation to Nationstar Mortgage LLC d/b/a Mr. Cooper (recorded in the Mercer County Clerk's Office on or about December 27, 2023). These acts are declared null, void, and without legal effect.

4. **Derivative Nullities (LEGALLY INEFFECTIVE)** The Court further finds and declares that the following acts are **LEGALLY INEFFECTIVE AND UNENFORCEABLE** as derivative nullities, because they rely exclusively on the void acts identified in Paragraph 3: a) The January 4, 2024 Assignment of Mortgage from Nationstar Mortgage LLC d/b/a Mr. Cooper to Mortgage Research Center, LLC; b) The January 9, 2024 Notice of Intention to Foreclose issued by Nationstar Mortgage LLC d/b/a Mr. Cooper to Movant and the Debtor; and c) The April 23, 2024 (approximately) Assignment / Re-Assignment of Mortgage from Mortgage Research Center, LLC back to Nationstar Mortgage LLC d/b/a Mr. Cooper. These acts confer no enforceable rights and may not be relied upon as a basis for asserting, transferring, recording, or enforcing any claim, lien, or interest.

5. **Expungement of Mortgage Research Center Filings** The Notice of Appearance / "Service of Notices" filed by Mortgage Research Center, LLC at Docket No. 63 is hereby **EXPUNGED** from the docket of this case.

6. **Correction of Claims Register** The Clerk of the Bankruptcy Court is directed to annotate the Claims Register for Case No. 21-18795-CMG to reflect that: a) The purported transfer of Claim No. 4 to Nationstar Mortgage LLC d/b/a Mr. Cooper, as noticed under Fed. R. Bankr. P. 3001(e)(2) at Docket No. 65, is **VOID AB INITIO** and has no legal effect; and b) No effective transfer of Claim No. 4 to Nationstar Mortgage LLC d/b/a Mr. Cooper has been recognized by this Court. This paragraph is entered without prejudice to any party's right to object to Claim No. 4 or to challenge its sufficiency under Fed. R. Bankr. P. 3001.

7. **Permanent Injunctive Relief** Impac Mortgage Corporation, Nationstar Mortgage LLC d/b/a Mr. Cooper, Mortgage Research Center, LLC, and their respective successors, assigns, agents, and affiliates are hereby **PERMANENTLY ENJOINED** from asserting, transferring, recording, or enforcing in any forum any claim, lien, interest, or right derived from the void or derivative acts identified in Paragraphs 3 and 4 of this Order, **including but not limited to any attempt to enforce the December 1, 2025 Order Granting Summary Judgment entered in *Nationstar Mortgage LLC v. Naik*, Docket No. F-006108-24 (N.J. Super. Ct. Ch. Div., Mercer Cty.).**

8. **Recordation and Indexing in County Land Records** Movant is **AUTHORIZED** to record a certified copy of this Order in the public real property records of Mercer County, New Jersey. The Mercer County Clerk/Recorder is hereby **DIRECTED** to accept this Order for recordation and to index it against the subject property and against the specific Assignment of Mortgage instruments identified in Paragraphs 3 and 4 of this Order.

9. **Reservation of Rights and Jurisdiction** a) Movant's rights are expressly **RESERVED** to seek monetary damages, attorneys' fees, costs, and further equitable relief under 11 U.S.C. §§ 362(k) and 105(a). b) This Court **RETAINS JURISDICTION** to interpret and enforce this Order, to adjudicate any application for damages or sanctions, and to grant such other and further relief as may be just and proper.

Dated: _____

HON. CHRISTINE M. GRAVELLE

United States Bankruptcy Judge

# EXHIBIT N

# EXHIBIT
# D

BankofAmerica—WestRK 6/5/2015 11:40:08 AM   PAGE   3/022   888-294-5858

Page 4

**Bank of America Home Loans**

Loan Number: [redacted]
Statement Period: 12/1987 – 06/2015
Date Prepared: 06/05/2015

Property Address:
22 HANOVER COURT
WEST WINDSOR, NJ 08540

Beginning Balance: 168,588.69

| Transaction Date | Description | PMT/Mo | Total Payment | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | Beginning Balance | | | 168,588.69 | | .00 | | | | .00 |
| 06/10/2005 | INT ESCROW SETUP | 04/2005 | 1,435.95 | 168,588.69 | .00 | 1,435.95 / 1,435.95 | .00 | .00 | .00 / -585.77 | .00 |
| 07/18/2005 | REGULAR PAYMENT | 05/2005 | 2,157.25 | 160.24 / 168,408.45 | 1,284.12 | 692.89 / 2,128.84 | .00 | .00 | .00 / -658.99 | .00 |
| 08/01/2005 | REGULAR PAYMENT | 06/2005 | 2,157.25 | 161.63 / 168,226.82 | 1,282.73 | 692.89 / 2,821.73 | .00 | .00 | .00 / -732.21 | .00 |
| 08/01/2005 | REGULAR PAYMENT | 07/2005 | 2,157.25 | 168.59 / 168,043.79 | 1,281.83 | 692.89 / 3,514.62 | .00 | .00 | | .00 |
| 08/15/2005 | REGULAR PAYMENT | 09/2005 | 1,748.57 | 164.44 / 165,859.35 | 1,279.82 | 284.21 / 3,798.83 | .00 | .00 | .00 / -805.43 | .00 |
| 09/16/2005 | CITY TAX PMT | 09/2005 | -2,010.82 | .00 / 165,859.35 | .00 | -2,010.82 / 1,788.21 | .00 | .00 | .00 / -805.43 | .00 |
| 09/16/2005 | CITY TAX PMT | 09/2005 | -2,010.82 | .00 / 165,859.35 | .00 | -2,010.82 / -222.41 | .00 | .00 | .00 / -805.43 | .00 |
| 08/18/2005 | CITY TAX CREDIT | 09/2005 | 2,010.82 | 165,859.35 | .00 | 2,010.82 / 1,788.21 | .00 | .00 | .00 / -805.43 | .00 |
| 09/16/2005 | REGULAR PAYMENT | 09/2005 | 1,748.57 | 185.86 / 165,673.49 | 1,278.50 | 284.21 / 2,072.42 | .00 | .00 | .00 / -805.43 | .00 |
| 10/26/2005 | CITY TAX PMT | 09/2005 | -2,010.82 | .00 / 165,673.49 | .00 | -2,010.82 / 61.60 | .00 | .00 | .00 / -805.43 | .00 |
| 10/31/2005 | REGULAR PAYMENT | 10/2005 | 1,748.57 | 187.29 / 165,486.20 | 1,277.07 | 284.21 / 346.01 | .00 | .00 | .00 / -873.65 | .00 |
| 12/05/2005 | HAZARD INS PMT | 10/2005 | -651.00 | .00 / 165,486.20 | .00 | -651.00 / -314.99 | .00 | .00 | .00 / -873.65 | .00 |
| 12/08/2005 | REGULAR PAYMENT | 11/2005 | 1,749.00 | 189.74 / 165,297.46 | 1,275.62 | 284.21 / -30.78 | .00 | .00 | .00 / -951.44 | .00 |
| 01/06/2006 | REGULAR PAYMENT | 12/2005 | 1,749.00 | 190.19 / 165,107.27 | 1,274.17 | 284.21 / 253.43 | .00 | .00 | .43 / -1,024.23 | .00 |
| 01/11/2006 | CITY TAX PMT | 12/2005 | -1,851.08 | .00 / 165,107.27 | .00 | -1,851.08 / -1,597.65 | .00 | .00 | .00 / -1,024.23 | .00 |
| 02/01/2006 | REGULAR PAYMENT | 01/2006 | 1,748.57 | 191.66 / 164,915.61 | 1,272.70 | 284.21 / -1,413.44 | .00 | .00 | .00 / -1,097.45 | .00 |

Bank of America
Home Loans

Page 5

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/28/2006 | REGULAR PAYMENT | 1,748.57 | 02/2006 | 193.14 / 194,722.47 | 1,271.22 | 284.21 / -1,123.23 | .00 | .00 | .00 / -1,170.87 | .00 / .00 |
| 03/15/2006 | REGULAR PAYMENT | 1,748.57 | 03/2006 | 194.62 / 194,527.85 | 1,263.74 | 284.21 / -545.02 | .00 | .00 | .00 / -1,170.87 | .00 / .00 |
| 04/04/2006 | CITY TAX PMT | -1,951.08 | 03/2006 | .00 / 194,527.85 | .00 | -1,951.08 / -2,378.10 | .00 | .00 | .00 / -1,170.87 | .00 / .00 |
| 05/03/2006 | REGULAR PAYMENT | 2,500.00 | 04/2006 | 196.12 / 194,331.73 | 1,269.24 | 1,023.76 / -1,772.34 | .00 | .00 | 11.88 / -1,282.01 | .00 / .00 |
| 06/09/2006 | REGULAR PAYMENT | 2,500.00 | 05/2006 | 197.64 / 194,134.09 | 1,266.72 | 1,023.76 / -748.58 | .00 | .00 | 11.88 / -1,293.35 | .00 / .00 |
| 07/25/2006 | CITY TAX PMT | -3,076.04 | 05/2006 | .00 / 194,134.09 | .00 | -3,076.04 / -3,824.62 | .00 | .00 | .00 / -1,293.35 | .00 / .00 |
| 08/29/2006 | REGULAR PAYMENT | 2,500.00 | 06/2006 | 199.16 / 193,934.93 | 1,265.20 | 1,023.76 / -2,800.86 | .00 | .00 | 11.88 / -1,354.69 | .00 / .00 |
| 09/29/2006 | REGULAR PAYMENT | 2,488.12 | 07/2006 | 200.69 / 193,734.24 | 1,263.67 | 1,023.76 / -1,777.10 | .00 | .00 | .00 / -1,427.91 | .00 / .00 |
| 09/29/2006 | MISC. POSTING | 11.88 | 07/2006 | .00 / 193,734.24 | .00 | .00 / -1,777.10 | .00 | .00 | .00 / -1,427.91 | 11.88 / 11.88 |
| 10/02/2006 | MISC. POSTING | .00 | 07/2006 | .00 / 193,734.24 | .00 | 11.88 / -1,765.22 | .00 | .00 | .00 / -1,427.91 | -11.88 / .00 |
| 10/10/2006 | CITY TAX PMT | -3,076.04 | 07/2006 | .00 / 193,734.24 | .00 | -3,076.04 / -4,841.26 | .00 | .00 | .00 / -1,427.91 | .00 / .00 |
| 10/16/2006 | REGULAR PAYMENT | 2,391.75 | 08/2006 | 202.24 / 193,532.00 | 1,262.12 | 927.39 / -3,913.87 | .00 | .00 | .00 / -1,501.13 | .00 / .00 |
| 11/21/2006 | REGULAR PAYMENT | 2,391.75 | 09/2006 | 203.80 / 193,328.20 | 1,260.56 | 927.39 / -2,986.48 | .00 | .00 | .00 / -1,574.35 | .00 / .00 |
| 11/21/2006 | MISC. POSTING | 108.25 | 09/2006 | .00 / 193,328.20 | .00 | -108.25 / -2,986.48 | .00 | .00 | .00 / -1,574.35 | 108.25 / 108.25 |
| 11/22/2006 | MISC. POSTING | .00 | 09/2006 | .00 / 193,328.20 | .00 | 108.25 / -2,878.23 | .00 | .00 | .00 / -1,574.35 | -108.25 / .00 |
| 12/11/2006 | HAZARD INS PMT | -696.00 | 09/2006 | .00 / 193,328.20 | .00 | -696.00 / -3,564.23 | .00 | .00 | .00 / -1,574.35 | .00 / .00 |
| 12/12/2006 | REGULAR PAYMENT | 2,391.75 | 10/2006 | 205.37 / 193,122.83 | 1,259.99 | 927.39 / -2,636.84 | .00 | .00 | .00 / -1,847.57 | .00 / .00 |
| 01/17/2007 | REGULAR PAYMENT | 2,500.00 | 11/2006 | 206.95 / 192,915.88 | 1,257.41 | 927.39 / -1,709.45 | .00 | .00 | 208.25 / -1,512.54 | .00 / .00 |

BankofAmerica—WestRK 6/5/2015 11:40:08 AM   PAGE   5/022   888-294-5658

**Bank of America Home Loans**

Page 6

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/28/2007 | CITY TAX PMT | -2,513.56 | 11/2006 | .00 / 162,915.58 | .00 | -2,513.56 / -4,223.01 | .00 | .00 | .00 / -1,512.54 | .00 / .00 |
| 02/28/2007 | REGULAR PAYMENT | 2,671.38 | 12/2006 | 226.55 / 162,707.33 | 1,255.81 | 226.39 / -3,283.82 | .00 | .00 | 279.83 / -1,503.13 | .00 / .00 |
| 04/23/2007 | CITY TAX PMT | -2,513.56 | 12/2005 | .00 / 162,707.33 | .00 | -2,513.56 / -5,809.13 | .00 | .00 | .00 / -1,503.13 | .00 / .00 |
| 06/25/2007 | REGULAR PAYMENT | 2,482.75 | 01/2007 | 210.16 / 162,497.17 | 1,254.20 | 827.39 / -4,881.79 | .00 | .00 | 41.00 / -1,338.35 | .00 / .00 |
| 07/24/2007 | REGULAR PAYMENT | 2,391.75 | 02/2007 | 211.78 / 162,285.39 | 1,252.58 | 827.39 / -3,854.40 | .00 | .00 | .00 / -1,411.57 | .00 / .00 |
| 07/24/2007 | MISC. POSTING | 608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.01 | .00 | .00 | .00 / -1,411.57 | 608.25 / 608.25 |
| 07/25/2007 | MISC. POSTING | -608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.40 | .00 | .00 | .00 / -1,411.57 | -608.25 / .00 |
| 07/25/2007 | MISC. POSTING | 608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.40 | .00 | .00 | 608.25 / -803.32 | .00 / .00 |
| 07/31/2007 | MISC. POSTING | -608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.40 | .00 | .00 | -803.25 / -1,411.40 | .00 / .00 |
| 07/31/2007 | MISC. POSTING | 608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.40 | .00 | .00 | .00 / -1,411.57 | 608.25 / 608.25 |
| 07/31/2007 | MISC. POSTING | -608.25 | 02/2007 | .00 / 162,285.39 | .00 | .00 / -3,854.40 | .00 | .00 | .00 / -1,411.57 | -608.25 / .00 |
| 07/31/2007 | PAYMENT REVERSAL | -2,391.76 | 01/2007 | -211.78 / 162,497.17 | -1,252.58 | -827.39 / -4,681.79 | .00 | .00 | .00 / -1,338.35 | .00 / .00 |
| 07/31/2007 | CITY TAX PMT | -2,724.12 | 01/2007 | .00 / 162,497.17 | .00 | .00 / -7,405.91 | .00 | .00 | .00 / -1,338.35 | .00 / .00 |
| 08/07/2007 | REGULAR PAYMENT | 2,482.75 | 02/2007 | 211.78 / 162,285.39 | 1,252.58 | 827.39 / -6,578.52 | .00 | .00 | 41.00 / -1,570.57 | .00 / .00 |
| 10/24/2007 | CITY TAX PMT | -2,724.12 | 02/2007 | .00 / 162,285.39 | .00 | -2,724.12 / -9,402.64 | .00 | .00 | .00 / -1,570.57 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.76 | 03/2007 | 213.41 / 162,071.98 | 1,250.96 | 827.39 / -8,475.25 | .00 | .00 | .00 / -1,443.73 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.76 | 04/2007 | 215.05 / 161,856.92 | 1,249.30 | 827.39 / -7,547.86 | .00 | .00 | .00 / -1,517.01 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.76 | 05/2007 | 216.71 / 161,640.21 | 1,247.65 | 827.39 / -6,520.47 | .00 | .00 | .00 / -1,590.23 | .00 / .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   6/022   888-294-5858

**Bank of America**
**Home Loans**

Page 7

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/09/2007 | REGULAR PAYMENT | 2,391.75 | 08/2007 | 218.38 / 161,421.83 | 1,245.98 | 927.39 / -5,658.08 | .00 | .00 | .00 / -1,853.45 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.75 | 07/2007 | 220.07 / 161,201.76 | 1,244.29 | 927.39 / -4,755.59 | .00 | .00 | .00 / -1,736.57 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.75 | 09/2007 | 221.76 / 160,980.00 | 1,242.60 | 827.39 / -3,828.30 | .00 | .00 | .00 / -1,803.98 | .00 / .00 |
| 11/09/2007 | REGULAR PAYMENT | 2,391.75 | 09/2007 | 223.47 / 160,756.53 | 1,240.69 | 927.39 / -2,510.91 | .00 | .00 | .00 / -1,809.89 | .00 / .00 |
| 11/09/2007 | MISC. POSTING | 3,702.39 | 09/2007 | .00 / 160,756.53 | .00 | .00 / -2,510.91 | .00 | .00 | .00 / -1,809.89 | 3,702.39 / 3,702.39 |
| 12/12/2007 | HAZARD INS PMT | -802.00 | 09/2007 | .00 / 160,756.53 | .00 | -802.00 / -3,712.91 | .00 | .00 | .00 / -1,809.89 | .00 / 3,702.39 |
| 12/31/2007 | MISC. POSTING | -3,702.39 | 09/2007 | .00 / 160,756.53 | .00 | .00 / -3,712.91 | .00 | .00 | .00 / -1,809.89 | -3,702.39 / .00 |
| 12/31/2007 | REGULAR PAYMENT | 2,582.19 | 10/2007 | 225.20 / 160,531.33 | 1,239.16 | 1,217.63 / -2,495.08 | .00 | .00 | .00 / -1,809.89 | .00 / .00 |
| 12/31/2007 | REGULAR PAYMENT | 2,582.18 | 11/2007 | 226.93 / 160,304.40 | 1,237.43 | 1,217.63 / -1,277.25 | .00 | .00 | .00 / -1,883.11 | .00 / .00 |
| 12/31/2007 | REGULAR PAYMENT | 3,338.55 | 12/2007 | 228.83 / 160,075.72 | 1,235.58 | 1,217.93 / -59.42 | .00 | .00 | .00 / -1,226.75 | 666.36 / -1,226.75 |
| 01/08/2008 | REGULAR PAYMENT | 2,540.24 | 01/2008 | 230.44 / 159,845.28 | 1,233.82 | 1,075.88 / 1,016.46 | .00 | .00 | .00 / -1,226.75 | .00 / .00 |
| 01/28/2008 | CITY TAX PMT | -2,518.84 | 01/2008 | .00 / 159,845.28 | .00 | -2,618.84 / -1,602.38 | .00 | .00 | .00 / -1,226.75 | .00 / .00 |
| 03/14/2008 | REGULAR PAYMENT | 2,540.24 | 02/2008 | 232.22 / 159,613.06 | 1,232.14 | 1,075.88 / -526.50 | .00 | .00 | .00 / -1,289.97 | .00 / .00 |
| 03/14/2008 | MISC. POSTING | 400.00 | 02/2008 | .00 / 159,613.06 | .00 | 400.00 / -126.50 | .00 | .00 | .00 / -1,289.97 | .00 / .00 |
| 04/03/2008 | Waive/Adj LateChg | 73.22 | 02/2008 | .00 / 159,613.06 | .00 | .00 / -126.50 | .00 | .00 | 73.22 / -1,226.75 | .00 / .00 |
| 04/03/2008 | Waive/Adj LateChg | 73.12 | 02/2008 | .00 / 159,613.06 | .00 | .00 / -126.50 | .00 | .00 | 73.12 / -1,153.63 | .00 / .00 |
| 04/03/2008 | MISC. POSTING | -400.00 | 02/2008 | .00 / 159,613.06 | .00 | -400.00 / -526.50 | .00 | .00 | .00 / -1,153.63 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,540.24 | 01/2008 | -232.22 / 159,845.28 | -1,232.14 | -1,075.88 / -1,602.38 | .00 | .00 | .00 / -1,081.41 | .00 / .00 |

BankofAmerica–WestRK 6/5/2015 11:40:08 AM    PAGE    7/022    888-294-5858

**BankofAmerica**
Home Loans

Page 8

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/03/2008 | PAYMENT REVERSAL | -2,540.24 | 12/2007 | -230.44 / 160,075.72 | -1,283.92 | -1,075.88 / -2,672.26 | .00 | .00 | -1,830.41 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -3,338.55 | 11/2007 | -225.88 / 160,304.40 | -1,235.68 | -1,217.83 / -3,888.09 | .00 | .00 | -858.36 / -1,736.77 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,682.19 | 10/2007 | -226.93 / 160,531.33 | -1,237.43 | -1,217.83 / -5,113.92 | .00 | .00 | .00 / -1,553.55 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,682.19 | 09/2007 | -225.20 / 160,758.53 | -1,239.16 | -1,217.83 / -6,331.75 | .00 | .00 | .00 / -1,553.55 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,682.19 | 10/2007 | 225.20 / 160,531.33 | 1,239.16 | 1,217.83 / -5,113.92 | .00 | .00 | .00 / -1,553.55 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 3,338.55 | 11/2007 | 226.93 / 160,304.40 | 1,237.43 | 1,217.83 / -3,896.09 | .00 | .00 | 858.36 / -1,830.41 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,540.24 | 12/2007 | 226.88 / 160,075.72 | 1,235.69 | 1,075.88 / -2,820.21 | .00 | .00 | .00 / -1,453.63 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,540.24 | 01/2008 | 230.44 / 159,845.28 | 1,233.92 | 1,075.88 / -1,744.33 | .00 | .00 | .00 / -1,225.86 | .00 / .00 |
| 04/03/2008 | MISC. POSTING | 400.00 | 01/2008 | .00 / 159,845.28 | .00 | 400.00 / -1,344.33 | .00 | .00 | .00 / -1,225.85 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,682.19 | 02/2008 | 232.22 / 159,613.06 | 1,232.14 | 1,144.61 / -199.72 | .00 | .00 | 73.22 / -1,226.85 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,682.19 | 01/2008 | -232.22 / 159,845.28 | -1,232.14 | -1,144.61 / -1,344.33 | .00 | .00 | -73.22 / -1,226.85 | .00 / .00 |
| 04/03/2008 | MISC. POSTING | -400.00 | 01/2008 | .00 / 159,845.28 | .00 | -400.00 / -1,744.33 | .00 | .00 | .00 / -1,226.85 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,540.24 | 12/2007 | -230.44 / 160,075.72 | -1,233.92 | -1,075.88 / -2,820.21 | .00 | .00 | .00 / -1,453.63 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,540.24 | 11/2007 | -226.88 / 160,304.40 | -1,235.69 | -1,075.88 / -3,896.09 | .00 | .00 | .00 / -1,830.41 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -3,338.55 | 10/2007 | -226.93 / 160,531.33 | -1,237.43 | -1,217.83 / -5,113.92 | .00 | .00 | -858.36 / -1,553.55 | .00 / .00 |
| 04/03/2008 | PAYMENT REVERSAL | -2,682.19 | 09/2007 | -225.20 / 160,756.53 | -1,239.16 | -1,217.83 / -6,331.75 | .00 | .00 | .00 / -1,553.55 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,682.19 | 10/2007 | 225.20 / 160,531.33 | 1,239.16 | 1,217.83 / -5,113.92 | .00 | .00 | .00 / -1,553.55 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 3,338.55 | 11/2007 | 226.93 / 160,304.40 | 1,237.43 | 1,217.83 / -3,896.09 | .00 | .00 | 858.36 / -1,830.41 | .00 / .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   8/022   888-294-5858

**Bank of America**
Home Loans

Page 9

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/03/2008 | REGULAR PAYMENT | 2,540.24 | 12/2007 | 229.08 / 160,075.72 | 1,255.59 | 1,075.88 / -2,620.21 | .00 | .00 | .00 / -1,153.63 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,540.24 | 01/2008 | 230.44 / 159,845.28 | 1,233.92 | 1,075.88 / -1,744.33 | .00 | .00 | .00 / -1,526.85 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,532.19 | 02/2008 | 232.22 / 159,613.06 | 1,232.14 | 1,144.61 / -599.72 | .00 | .00 | 73.22 / -1,226.85 | .00 / .00 |
| 04/03/2008 | MISC. POSTING | 400.00 | 02/2008 | .00 / 159,613.06 | .00 | 400.00 / -199.72 | .00 | .00 | .00 / -1,226.85 | .00 / .00 |
| 04/03/2008 | REGULAR PAYMENT | 2,540.24 | 03/2008 | 234.01 / 159,379.05 | 1,230.95 | 1,075.88 / 876.16 | .00 | .00 | .00 / -1,300.07 | .00 / .00 |
| 04/16/2008 | MISC. POSTING | 2,513.97 | 03/2008 | .00 / 159,379.05 | .00 | .00 / 876.16 | .00 | .00 | .00 / -1,300.07 | 2,513.97 / 2,513.97 |
| 04/17/2008 | MISC. POSTING | -2,513.97 | 03/2008 | .00 / 159,379.05 | .00 | 876.16 | .00 | .00 | .00 / -1,300.07 | -2,513.97 / .00 |
| 04/17/2008 | REGULAR PAYMENT | 2,513.97 | 04/2008 | 235.81 / 159,143.24 | 1,228.55 | 1,049.61 / 1,925.77 | .00 | .00 | .00 / -1,300.07 | .00 / .00 |
| 04/22/2008 | CITY TAX PMT | -2,618.84 | 04/2008 | .00 / 159,143.24 | .00 | -2,618.84 / -693.07 | .00 | .00 | .00 / -1,300.07 | .00 / .00 |
| 05/16/2008 | REGULAR PAYMENT | 3,040.24 | 05/2008 | 237.63 / 158,905.61 | 1,225.73 | 1,175.37 / 482.30 | .00 | .00 | 400.51 / -899.56 | .00 / .00 |
| 06/23/2008 | REGULAR PAYMENT | 3,040.24 | 06/2008 | 239.46 / 158,666.15 | 1,224.80 | 1,075.88 / 1,558.18 | .00 | .00 | 500.00 / -472.78 | .00 / .00 |
| 07/16/2008 | REGULAR PAYMENT | 3,018.92 | 07/2008 | 241.21 / 158,424.94 | 1,223.05 | 1,075.88 / 2,634.06 | .00 | .00 | 472.78 / .00 | .00 / .00 |
| 08/04/2008 | CITY TAX PMT | -2,865.59 | 07/2008 | .00 / 158,424.94 | .00 | -2,865.59 / -31.53 | .00 | .00 | .00 / .00 | .00 / .00 |
| 08/18/2008 | REGULAR PAYMENT | 2,821.53 | 08/2008 | 243.17 / 158,181.67 | 1,221.19 | 1,157.17 / 1,125.64 | .00 | .00 | .00 / .00 | .00 / .00 |
| 09/19/2008 | REGULAR PAYMENT | 2,821.53 | 09/2008 | 245.04 / 157,936.63 | 1,219.32 | 1,157.17 / 2,282.81 | .00 | .00 | .00 / .00 | .00 / .00 |
| 10/16/2008 | REGULAR PAYMENT | 2,821.53 | 10/2008 | 246.93 / 157,689.70 | 1,217.43 | 1,157.17 / 3,439.98 | .00 | .00 | .00 / .00 | .00 / .00 |
| 10/24/2008 | CITY TAX PMT | -2,865.59 | 10/2008 | .00 / 157,689.70 | .00 | -2,865.59 / 774.39 | .00 | .00 | .00 / .00 | .00 / .00 |
| 11/20/2008 | REGULAR PAYMENT | 2,821.53 | 11/2008 | 248.84 / 157,440.86 | 1,215.52 | 1,157.17 / 1,931.56 | .00 | .00 | .00 / -73.22 | .00 / .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   9/022   888-294-5658

**BankofAmerica**
Home Loans

Page 10

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/19/2008 | REGULAR PAYMENT | 2,821.53 | 12/2008 | 850.76 / 157,160.11 | 1,213.61 | 1,157.17 / 3,088.73 | .00 | .00 | .00 / .00 | .00 / .00 |
| 12/19/2008 | MISC. POSTING | 73.22 | 12/2008 | 157,160.11 | .00 | .00 / 3,088.73 | .00 | .00 | 73.22 / -73.22 | .00 / .00 |
| 12/19/2008 | HAZARD INS PMT | -857.00 | 12/2008 | 157,160.11 | .00 | -857.00 / 2,151.73 | .00 | .00 | .00 | .00 / .00 |
| 12/30/2008 | MISC. POSTING | -73.22 | 12/2008 | 157,160.11 | .00 | .00 / 2,151.73 | .00 | .00 | -73.22 / -73.22 | .00 |
| 12/30/2008 | PAYMENT REVERSAL | -2,821.53 | 11/2008 | -250.75 / 157,440.86 | -1,213.61 | -1,157.17 / 994.56 | .00 | .00 | -73.22 | 2,821.53 |
| 12/30/2008 | REGULAR PAYMENT | 2,664.75 | 12/2008 | 250.75 / 157,160.11 | 1,213.61 | 1,157.17 / 2,151.73 | .00 | .00 | 73.22 / .00 | 2,821.53 |
| 01/23/2009 | CITY TAX PMT | -2,642.22 | 12/2008 | .00 / 157,160.11 | .00 | -2,642.22 / -490.49 | .00 | .00 | .00 / .00 | .00 / .00 |
| 01/26/2009 | REGULAR PAYMENT | 2,821.53 | 01/2009 | 282.69 / 156,937.42 | 1,211.67 | 1,157.17 / 666.68 | .00 | .00 | .00 / .00 | .00 / .00 |
| 01/26/2009 | MISC. POSTING | 73.44 | 01/2009 | 73.44 / 156,863.98 | .00 | .00 / 666.68 | .00 | .00 | .00 | .00 / .00 |
| 02/24/2009 | MISC. POSTING | 2,821.53 | 01/2009 | .00 / 156,863.98 | .00 | .00 / 666.68 | .00 | .00 | .00 / .00 | 2,821.53 / 2,821.53 |
| 03/20/2009 | REGULAR PAYMENT | 2,821.53 | 02/2009 | 255.20 / 156,608.78 | 1,209.16 | 1,157.17 / 1,823.85 | .00 | .00 | .00 / -73.22 | .00 / 2,821.53 |
| 04/21/2009 | REGULAR PAYMENT | 2,821.53 | 03/2009 | 257.17 / 156,351.61 | 1,207.19 | 1,157.17 / 2,981.02 | .00 | .00 | .00 / -146.44 | 2,821.53 / 2,821.53 |
| 04/22/2009 | CITY TAX PMT | -2,642.21 | 03/2009 | .00 / 156,351.61 | .00 | -2,642.21 / 338.81 | .00 | .00 | .00 / -146.44 | 2,821.53 / 5,243.06 |
| 05/18/2009 | MISC. POSTING | 2,821.53 | 03/2009 | .00 / 156,351.61 | .00 | .00 / 338.81 | .00 | .00 | -146.44 | 2,821.53 / 7,864.59 |
| 06/18/2009 | MISC. POSTING | 2,821.53 | 03/2009 | .00 / 156,351.61 | .00 | .00 / 338.81 | .00 | .00 | .00 / -146.44 | 2,821.53 / 7,864.59 |
| 07/23/2009 | CITY TAX PMT | -2,382.74 | 03/2009 | .00 / 156,351.61 | .00 | -2,382.74 / -2,043.93 | .00 | .00 | .00 / -146.44 | .00 / 7,864.59 |
| 08/21/2009 | MISC. POSTING | 2,821.53 | 03/2009 | .00 / 156,351.61 | .00 | .00 / -2,043.93 | .00 | .00 | .00 / -146.44 | 2,821.53 / 10,488.12 |
| 08/31/2009 | MISC. POSTING | 2,434.11 | 03/2009 | .00 / 156,351.61 | .00 | .00 / -2,043.33 | .00 | .00 | -146.44 | 2,434.11 / 12,920.23 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   10/022   888-294-5658

**Bank of America**
Home Loans

Page 11

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/18/2009 | REGULAR PAYMENT | 2,621.53 | 04/2009 | 259.15 / 155,082.46 | 1,205.21 | 1,157.17 / -886.76 | .00 | .00 | .00 / -210.66 | .00 / 12,920.23 |
| 09/18/2009 | REGULAR PAYMENT | 2,621.53 | 05/2009 | 261.15 / 155,681.31 | 1,203.21 | 1,157.17 / 270.41 | .00 | .00 | .00 / -292.88 | .00 / 12,920.23 |
| 09/18/2009 | REGULAR PAYMENT | 2,621.53 | 06/2009 | 263.16 / 155,563.15 | 1,201.20 | 1,157.17 / 1,427.58 | .00 | .00 | .00 / -566.10 | .00 / 12,920.23 |
| 09/18/2009 | REGULAR PAYMENT | 2,621.53 | 07/2009 | 265.19 / 155,302.96 | 1,199.17 | 1,157.17 / 2,584.75 | .00 | .00 | .00 / -433.32 | .00 / 12,920.23 |
| 09/18/2009 | REGULAR PAYMENT | 2,464.11 | 08/2009 | 267.23 / 155,035.73 | 1,197.13 | 989.75 / 3,556.50 | .00 | .00 | .00 / -512.54 | .00 / 12,920.23 |
| 09/18/2009 | REGULAR PAYMENT | 2,434.11 | 09/2009 | 269.28 / 154,766.44 | 1,195.07 | 969.76 / 4,534.25 | .00 | .00 | .00 / -512.54 | .00 / 12,920.23 |
| 09/18/2009 | MISC. POSTING | -12,920.23 | 09/2009 | .00 / 154,766.44 | .00 | .00 / 4,534.25 | .00 | .00 | .00 / -512.54 | -12,920.23 / .00 |
| 10/09/2009 | OVERAGE REFUND | -454.95 | 09/2009 | .00 / 154,766.44 | .00 | -454.95 / 4,068.30 | .00 | .00 | .00 / -512.54 | .00 / .00 |
| 10/23/2009 | CITY TAX PMT | -2,382.74 | 09/2009 | .00 / 154,766.44 | .00 | -2,382.74 / 1,686.56 | .00 | .00 | .00 / -512.54 | .00 / .00 |
| 10/30/2009 | REGULAR PAYMENT | 2,507.88 | 10/2009 | 271.37 / 154,495.07 | 1,192.69 | 969.76 / 2,656.31 | .00 | .00 | .00 / 73.22 | .00 / .00 |
| 11/17/2009 | REGULAR PAYMENT | 2,379.94 | 11/2009 | 273.46 / 154,221.61 | 1,190.50 | 915.58 / 3,571.88 | .00 | .00 | .00 / -512.54 | .00 / .00 |
| 12/10/2009 | HAZARD INS PMT | -1,088.00 | 11/2009 | .00 / 154,221.61 | .00 | -1,088.00 / 2,483.89 | .00 | .00 | .00 / -512.54 | .00 / .00 |
| 01/22/2010 | MISC. POSTING | 2,077.34 | 11/2009 | .00 / 154,221.61 | .00 | .00 / 2,483.89 | .00 | .00 | .00 / -512.54 | 2,077.34 / 2,077.34 |
| 01/29/2010 | CITY TAX PMT | -2,512.48 | 11/2009 | .00 / 154,221.61 | .00 | -2,512.48 / -28.59 | .00 | .00 | .00 / -512.54 | .00 / 2,077.34 |
| 02/01/2010 | MISC. POSTING | -512.54 | 11/2009 | .00 / 154,221.61 | .00 | .00 / -28.59 | .00 | .00 | .00 / -512.54 | -512.54 / 1,564.80 |
| 02/01/2010 | MISC. POSTING | 512.54 | 11/2009 | .00 / 154,221.61 | .00 | .00 / -28.59 | .00 | .00 | 512.54 / .00 | .00 / 1,564.80 |
| 02/11/2010 | REGULAR PAYMENT | 2,092.34 | 12/2009 | 275.57 / 153,946.04 | 1,188.78 | 627.98 / 599.39 | .00 | .00 | .00 / .00 | .00 / 1,564.80 |
| 02/11/2010 | MISC. POSTING | .00 | 12/2009 | .00 / 153,946.04 | .00 | .00 / 599.39 | .00 | .00 | -512.54 / -512.54 | 512.54 / 2,077.34 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   11/022    888-294-5658

**BankofAmerica**
Home Loans

Page 12

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/11/2010 | REGULAR PAYMENT | 2,077.34 | 01/2010 | 277.69/153,668.35 | 1,196.57 | 612.98/1,212.37 | .00 | .00 | .00/-512.54 | .00/2,077.34 |
| 02/18/2010 | REGULAR PAYMENT | 2,379.94 | 02/2010 | 275.83/153,388.52 | 1,184.53 | 916.53/2,127.85 | .00 | .00 | .00/-512.54 | .00/2,077.34 |
| 02/17/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-439.32 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-366.10 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-292.88 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-219.66 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-146.44 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/-73.22 | .00/2,077.34 |
| 02/24/2010 | Waive/Adj LateChg | 73.22 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | 73.22/.00 | .00/2,077.34 |
| 02/25/2010 | MISC. POSTING | -1,987.34 | 02/2010 | .00/153,388.52 | .00 | .00/2,127.85 | .00 | .00 | .00/.00 | -1,987.34/90.00 |
| 03/09/2010 | MISC. POSTING | .00 | 02/2010 | 90.00/153,298.52 | .00 | .00/2,127.85 | .00 | .00 | .00/.00 | -90.00/.00 |
| 03/15/2010 | REGULAR PAYMENT | 2,379.94 | 03/2010 | 282.34/153,016.18 | 1,182.02 | 915.58/3,043.53 | .00 | .00 | .00/.00 | .00/.00 |
| 04/19/2010 | CITY TAX PMT | -2,512.48 | 03/2010 | .00/153,016.18 | .00 | -2,512.48/531.05 | .00 | .00 | .00/.00 | .00/.00 |
| 04/19/2010 | REGULAR PAYMENT | 2,379.84 | 04/2010 | 284.86/152,731.32 | 1,179.50 | 915.58/1,446.63 | .00 | .00 | .00/-73.22 | .00/.00 |
| 05/17/2010 | REGULAR PAYMENT | 2,453.16 | 05/2010 | 287.06/152,444.26 | 1,177.30 | 988.80/2,435.43 | .00 | .00 | .00/-73.22 | .00/.00 |
| 06/24/2010 | REGULAR PAYMENT | 2,526.38 | 06/2010 | 289.27/152,154.99 | 1,176.09 | 988.80/3,424.23 | .00 | .00 | 73.22/-73.22 | .00/.00 |
| 07/22/2010 | REGULAR PAYMENT | 2,526.38 | 07/2010 | 291.50/151,863.49 | 1,172.96 | 988.80/4,413.03 | .00 | .00 | 73.22/-73.22 | .00/.00 |
| 08/02/2010 | CITY TAX PMT | -2,510.73 | 07/2010 | .00/151,863.49 | .00 | -2,510.73/1,902.30 | .00 | .00 | .00/-73.22 | .00/.00 |

BankofAmerica—WestRK 5/5/2015 11:40:08 AM   PAGE   12/022    888-294-5658

**Bank of America**
**Home Loans**

Page 13

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/09/2010 | REGULAR PAYMENT | 2,526.38 | 09/2010 | 238.75 / 151,558.74 | 1,770.61 | 988.80 / 2,880.10 | .00 | .00 | .00 / -73.22 | .00 / .00 |
| 09/30/2010 | REGULAR PAYMENT | 2,526.38 | 09/2010 | 236.01 / 151,273.73 | 1,158.25 | 815.58 / 3,806.68 | .00 | .00 | 148.44 / .00 | .00 / .00 |
| 10/01/2010 | CITY TAX PMT | -2,510.73 | 09/2010 | .00 / 151,273.73 | .00 | -2,510.73 / 1,295.95 | .00 | .00 | .00 / .00 | .00 / .00 |
| 11/29/2010 | REGULAR PAYMENT | 2,379.94 | 10/2010 | 238.29 / 150,975.44 | 1,166.07 | 915.58 / 2,211.53 | .00 | .00 | .00 / -73.22 | .00 / -73.22 |
| 12/10/2010 | HAZARD INS PMT | -1,165.00 | 10/2010 | .00 / 150,975.44 | .00 | -1,165.00 / 1,046.53 | .00 | .00 | .00 / -73.22 | .00 / -73.22 |
| 12/31/2010 | REGULAR PAYMENT | 2,649.69 | 11/2010 | 300.59 / 150,674.85 | 1,163.77 | 965.87 / 2,011.00 | .00 | .00 | 148.44 / .00 | 73.22 / 73.22 |
| 01/13/2011 | CITY TAX PMT | -2,511.61 | 11/2011 | .00 / 150,674.85 | .00 | -2,511.61 / -500.41 | .00 | .00 | .00 / .00 | .00 / 73.22 |
| 01/31/2011 | REGULAR PAYMENT | 2,503.25 | 12/2010 | 302.91 / 150,371.94 | 1,161.45 | 965.67 / 465.26 | .00 | .00 | 73.22 / .00 | .00 / 73.22 |
| 02/15/2011 | REGULAR PAYMENT | 2,503.25 | 01/2011 | 305.84 / 150,066.10 | 1,159.12 | 965.67 / 1,430.93 | .00 | .00 | 73.22 / .00 | .00 / 73.22 |
| 03/31/2011 | REGULAR PAYMENT | 2,505.02 | 02/2011 | 307.50 / 149,758.10 | 1,156.76 | 965.67 / 2,396.60 | .00 | .00 | .00 / .00 | 74.99 / 148.21 |
| 04/19/2011 | CITY TAX PMT | -2,511.60 | 02/2011 | .00 / 149,758.10 | .00 | -2,511.60 / -115.00 | .00 | .00 | .00 / .00 | .00 / 148.21 |
| 05/02/2011 | REGULAR PAYMENT | 2,431.80 | 03/2011 | 309.97 / 149,448.13 | 1,154.39 | 967.44 / 852.44 | .00 | .00 | .00 / .00 | .00 / 148.21 |
| 05/04/2011 | MISC. POSTING | -148.21 | 03/2011 | .00 / 149,448.13 | .00 | .00 / 852.44 | .00 | .00 | .00 / .00 | -148.21 / .00 |
| 05/31/2011 | REGULAR PAYMENT | 2,505.02 | 04/2011 | 312.36 / 149,136.77 | 1,152.00 | 967.44 / 1,819.88 | .00 | .00 | .00 / .00 | 73.22 / 73.22 |
| 06/30/2011 | REGULAR PAYMENT | 2,431.80 | 05/2011 | 314.76 / 148,822.01 | 1,149.60 | 967.44 / 2,787.32 | .00 | .00 | .00 / .00 | .00 / 73.22 |
| 07/15/2011 | MISC. POSTING | -73.22 | 05/2011 | .00 / 148,822.01 | .00 | .00 / 2,787.32 | .00 | .00 | .00 / .00 | -73.22 / .00 |
| 08/03/2011 | CITY TAX PMT | -2,757.39 | 05/2011 | .00 / 148,822.01 | .00 | -2,757.39 / 29.93 | .00 | .00 | .00 / .00 | .00 / .00 |
| 10/07/2011 | CITY TAX PMT | -2,757.39 | 05/2011 | .00 / 148,822.01 | .00 | -2,757.39 / -2,727.46 | .00 | .00 | .00 / .00 | .00 / .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM  PAGE  13/022   888-294-5858

**Bankof America**
Home Loans

Page 14

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/6/2011 | HAZARD INS PMT | -689.00 | 05/2011 | .00 148,822.01 | .00 | -689.00 -3,425.46 | .00 | .00 | .00 .00 | .00 .00 |
| 01/03/2012 | CITY TAX PMT | -2,634.50 | 05/2011 | .00 148,822.01 | .00 | -2,634.50 -6,080.96 | .00 | .00 | .00 .00 | .00 .00 |
| 04/06/2012 | CITY TAX PMT | -2,634.50 | 05/2011 | .00 148,822.01 | .00 | -2,634.50 -8,695.46 | .00 | .00 | .00 .00 | .00 .00 |
| 07/19/2012 | CITY TAX PMT | -2,766.17 | 05/2011 | .00 148,822.01 | .00 | -2,766.17 -11,461.63 | .00 | .00 | .00 .00 | .00 .00 |
| 10/29/2012 | CITY TAX PMT | -2,766.16 | 05/2011 | .00 148,822.01 | .00 | -2,766.16 -14,227.78 | .00 | .00 | .00 .00 | .00 .00 |
| 11/20/2012 | HAZARD INS PMT | -723.00 | 05/2011 | .00 148,822.01 | .00 | -723.00 -14,950.78 | .00 | .00 | .00 .00 | .00 .00 |
| 01/15/2013 | CITY TAX PMT | -2,700.34 | 05/2011 | .00 148,822.01 | .00 | -2,700.34 -17,651.13 | .00 | .00 | .00 .00 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 06/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -73.21 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 07/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | .00 -146.42 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 08/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | .00 -219.63 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 09/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -292.84 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 10/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -366.05 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 11/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -439.26 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 12/2011 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -512.47 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 01/2012 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -585.68 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 02/2012 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -658.89 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 03/2012 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -732.10 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 04/2012 | .00 148,822.01 | .00 | .00 -17,651.13 | .00 | .00 | -805.31 | .00 .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE  14/022   888-294-5658

**BankofAmerica**
Home Loans

Page 15

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/08/2013 | Assessed Late Chg | 73.21 | 05/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -878.52 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 06/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -951.73 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 07/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,024.94 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 08/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,098.15 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 09/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,171.36 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 12/2012 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,244.57 | .00 .00 |
| 02/08/2013 | Assessed Late Chg | 73.21 | 01/2013 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,317.78 | .00 .00 |
| 02/19/2013 | Assessed Late Chg | 73.21 | 02/2013 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,390.99 | .00 .00 |
| 03/18/2013 | Assessed Late Chg | 73.21 | 03/2013 | .00 148,822.01 | .00 | .00 -17,551.13 | .00 | .00 | .00 -1,464.20 | .00 .00 |
| 04/03/2013 | CITY TAX PMT | -2,700.33 | 05/2011 | .00 148,822.01 | .00 | -2,700.33 -20,251.46 | .00 | .00 | .00 -1,464.20 | .00 .00 |
| 04/16/2013 | Assessed Late Chg | 73.21 | 04/2013 | .00 148,822.01 | .00 | .00 -20,251.46 | .00 | .00 | .00 -1,537.41 | .00 .00 |
| 05/16/2013 | Assessed Late Chg | 73.21 | 05/2013 | .00 148,822.01 | .00 | .00 -20,251.46 | .00 | .00 | .00 -1,610.62 | .00 .00 |
| 06/17/2013 | Assessed Late Chg | 73.21 | 06/2013 | .00 148,822.01 | .00 | .00 -20,251.46 | .00 | .00 | .00 -1,683.83 | .00 .00 |
| 07/16/2013 | Assessed Late Chg | 73.21 | 07/2013 | .00 148,822.01 | .00 | .00 -20,251.46 | .00 | .00 | .00 -1,757.04 | .00 .00 |
| 07/25/2013 | MISC. POSTING | 73.22 | 05/2011 | .00 148,822.01 | .00 | .00 -20,251.46 | .00 | .00 | .00 -1,757.04 | 73.22 73.22 |
| 07/25/2013 | CITY TAX PMT | -2,757.59 | 05/2011 | .00 148,822.01 | .00 | -2,757.59 -23,108.55 | .00 | .00 | .00 -1,757.04 | .00 73.22 |
| 08/16/2013 | Assessed Late Chg | 73.21 | 08/2013 | .00 148,822.01 | .00 | .00 -23,108.55 | .00 | .00 | .00 -1,830.25 | .00 73.22 |
| 09/16/2013 | Assessed Late Chg | 73.22 | 09/2013 | .00 148,822.01 | .00 | .00 -23,108.55 | .00 | .00 | .00 -1,903.46 | .00 73.22 |

BankofAmerica–WestRK 8/5/2015 11:40:08 AM   PAGE  15/022    888-294-5658

**BankofAmerica**
Home Loans

Page 16

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/2013 | Assessed Late Chg | 73.21 | 10/2013 | .00 148,822.01 | .00 | .00 -23,108.85 | .00 | .00 | .00 -1,976.57 | .00 73.22 |
| 10/28/2013 | CITY TAX PMT | -2,757.38 | 05/2011 | .00 148,822.01 | .00 | -2,757.88 -25,866.23 | .00 | .00 | .00 -1,976.57 | .00 73.22 |
| 11/20/2013 | HAZARD INS PMT | -855.00 | 05/2011 | .00 148,822.01 | .00 | -855.00 -26,722.23 | .00 | .00 | .00 -1,976.57 | .00 73.22 |
| 12/16/2013 | Assessed Late Chg | 73.21 | 12/2013 | .00 148,822.01 | .00 | .00 -26,722.23 | .00 | .00 | .00 -2,049.88 | .00 73.22 |
| 01/16/2014 | Assessed Late Chg | 73.21 | 01/2014 | .00 148,822.01 | .00 | .00 -26,722.23 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 01/23/2014 | CITY TAX PMT | -2,728.86 | 05/2011 | .00 148,822.01 | .00 | -2,728.86 -29,451.09 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 04/08/2014 | CITY TAX PMT | -2,728.86 | 05/2011 | .00 148,822.01 | .00 | -2,728.86 -32,179.95 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 07/22/2014 | CITY TAX PMT | -2,846.17 | 05/2011 | .00 148,822.01 | .00 | -2,846.17 -35,026.12 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 10/23/2014 | CITY TAX PMT | -2,846.17 | 05/2011 | .00 148,822.01 | .00 | -2,846.17 -37,871.29 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 11/20/2014 | HAZARD INS PMT | -952.00 | 05/2011 | .00 148,822.01 | .00 | -952.00 -38,822.29 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 01/30/2015 | CITY TAX PMT | -2,787.02 | 05/2011 | .00 148,822.01 | .00 | -2,787.02 -41,609.31 | .00 | .00 | .00 -2,123.09 | .00 73.22 |
| 04/29/2015 | CITY TAX PMT | -2,787.01 | 05/2011 | .00 148,822.01 | .00 | -2,787.01 -44,396.32 | .00 | .00 | .00 -2,123.09 | .00 73.22 |

## Fee Transaction Activity (12/1997 - 06/2015)

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 06/30/2005 | Previous Servicer Balance | 18.89 | .00 |
| 07/01/2005 | Property Inspection | 12.50 | .00 |
| 08/01/2005 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 08/01/2005 | Mortgage Pay Fee-Phone | .00 | 9.00 |

BankofAmerica—WestRK 6/5/2015 11:40:08 AM   PAGE   16/022   888-294-5658

**Bankof America**
Home Loans

Page 17

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 08/04/2005 | Property Inspection | 12.50 | .00 |
| 08/16/2005 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 08/16/2005 | Mortgage Pay Fee-Phone | .00 | 15.00 |
| 09/16/2005 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 09/16/2005 | Mortgage Pay Fee-Phone | .00 | 15.00 |
| 10/31/2005 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 10/31/2005 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 12/08/2005 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 12/08/2005 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 01/03/2006 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 01/03/2006 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 02/01/2006 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 02/01/2006 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 02/28/2006 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 02/28/2006 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 03/15/2006 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 03/15/2006 | Mortgage Pay Fee-Phone | .00 | 15.00 |
| 05/03/2006 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 05/03/2006 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 06/06/2006 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 06/06/2006 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 08/01/2006 | Property Inspection | 12.50 | .00 |
| 09/19/2006 | Property Inspection | 12.50 | .00 |
| 10/11/2006 | Property Inspection | 12.50 | .00 |
| 11/08/2006 | Property Inspection | 12.50 | .00 |
| 12/06/2006 | Property Inspection | 12.50 | .00 |
| 01/04/2007 | Property Inspection | 12.50 | .00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   17/022    888-294-5658

Bank of America
Home Loans

Page 18

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 02/05/2007 | Property Inspection | 12.50 | .00 |
| 08/08/2007 | Property Inspection | 12.50 | .00 |
| 04/05/2007 | Property Inspection | 12.50 | .00 |
| 05/01/2007 | Property Inspection | 12.50 | .00 |
| 06/14/2007 | Property Inspection | 20.50 | .00 |
| 08/01/2007 | Property Inspection | 15.00 | .00 |
| 07/02/2007 | Property Inspection | 15.00 | .00 |
| 07/31/2007 | Return Payment Fee | 20.00 | .00 |
| 08/01/2007 | Property Inspection | 15.00 | .00 |
| 09/07/2007 | Property Inspection | 16.00 | .00 |
| 10/10/2007 | Property Inspection | 16.00 | .00 |
| 10/12/2007 | Title Fee | 300.00 | .00 |
| 11/07/2007 | Property Inspection | 15.00 | .00 |
| 11/12/2007 | Attorney/Trustee Fee | 1,170.00 | .00 |
| 11/12/2007 | Court Filing Fee | 200.00 | .00 |
| 11/12/2007 | Recording Fee | 292.00 | .00 |
| 11/12/2007 | Mailing Fee | 25.38 | .00 |
| 11/12/2007 | Title Fee | 85.00 | .00 |
| 11/12/2007 | Process Server | 178.50 | .00 |
| 12/07/2007 | Property Inspection | 15.00 | .00 |
| 01/08/2008 | Property Inspection | 15.00 | .00 |
| 04/03/2008 | Return Payment Fee - Adjustment | -20.00 | .00 |
| 07/16/2008 | Previous Servicer Balance | .00 | 18.89 |
| 07/16/2008 | Property Inspection | .00 | 12.50 |
| 07/16/2008 | Property Inspection | .00 | 12.50 |
| 07/16/2008 | Property Inspection | .00 | 12.50 |
| 07/16/2008 | Property Inspection | .00 | 12.50 |

BankofAmerica—WestRK 6/5/2015 11:40:08 AM   PAGE   18/022   888-294-5658


BankofAmerica
Home Loans

Page 19

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 07/16/2008 | Property Inspection | .00 | 4.33 |
| 08/18/2008 | Property Inspection | .00 | 8.17 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 12.50 |
| 08/18/2008 | Property Inspection | .00 | 20.50 |
| 08/18/2008 | Property Inspection | .00 | 15.00 |
| 08/18/2008 | Property Inspection | .00 | 15.00 |
| 08/18/2008 | Property Inspection | .00 | 15.00 |
| 08/18/2008 | Property Inspection | .00 | 15.00 |
| 08/18/2008 | Property Inspection | .00 | 15.00 |
| 08/18/2008 | Title Fee | .00 | 273.54 |
| 04/01/2009 | Property Inspection | 15.00 | .00 |
| 05/04/2009 | Property Inspection | 15.00 | .00 |
| 06/08/2009 | Property Inspection | 15.00 | .00 |
| 07/09/2009 | Property Inspection | 15.00 | .00 |
| 08/03/2009 | Property Inspection | 15.00 | .00 |
| 09/02/2009 | Property Inspection | 15.00 | .00 |
| 10/02/2009 | Property Inspection | 15.00 | .00 |
| 12/17/2009 | Process Server | | 178.50 |
| 12/17/2009 | Recording Fee | .00 | 292.00 |
| 12/17/2009 | Mailing Fee | .00 | 25.38 |
| 12/17/2009 | Court Filing Fee | .00 | 200.00 |

BankofAmerica-WestRK 6/5/2015 11:40:08 AM   PAGE   19/022   888-294-5658

**Bank of America**
Home Loans

Page 20

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 12/17/2009 | Title Fee | .00 | 28.46 |
| 12/17/2009 | Title Fee | .00 | 35.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Property Inspection | .00 | 15.00 |
| 12/17/2009 | Attorney/Trustee Fee | .00 | 1,170.00 |
| 02/01/2010 | Property Inspection | 15.00 | .00 |
| 02/11/2010 | Process Server - Reversal | .00 | -178.50 |
| 02/11/2010 | Recording Fee - Reversal | .00 | -282.00 |
| 02/11/2010 | Mailing Fee - Reversal | .00 | -25.38 |
| 02/11/2010 | Court Filing Fee - Reversal | .00 | -200.00 |
| 02/11/2010 | Title Fee - Reversal | .00 | -28.46 |
| 02/11/2010 | Title Fee - Reversal | .00 | -35.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |

Bank of America
Home Loans

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Property Inspection - Reversal | .00 | -15.00 |
| 02/11/2010 | Attorney/Trustee Fee - Reversal | .00 | -1,170.00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/23/2010 | Property Inspection - Adjustment | -15.00 | .00 |
| 09/30/2010 | Title Fee | .00 | 28.48 |
| 09/30/2010 | Property Inspection | .00 | 16.00 |
| 09/30/2010 | Attorney/Trustee Fee | .00 | 31.76 |
| 07/02/2011 | Property Inspection | 15.00 | .00 |
| 08/08/2011 | Property Inspection | 15.00 | .00 |
| 09/08/2011 | Property Inspection | 15.00 | .00 |
| 10/05/2011 | Property Inspection | 15.00 | .00 |
| 11/07/2011 | Property Inspection | 15.00 | .00 |
| 12/09/2011 | Property Inspection | 15.00 | .00 |
| 01/08/2012 | Property Inspection | 15.00 | .00 |
| 02/09/2012 | Property Inspection | 15.00 | .00 |
| 02/28/2012 | Property Inspection | 15.00 | .00 |
| 04/09/2012 | Property Inspection | 15.00 | .00 |
| 05/31/2012 | Property Inspection | 15.00 | .00 |
| 06/03/2012 | Property Inspection | 15.00 | .00 |
| 06/24/2012 | Property Inspection - Adjustment | -15.00 | .00 |

# EXHIBIT O

Colleen M. Hirst, Esq. (039742003)    Brian C. Nicholas, Esq. (036432003)
Paul W. Luongo, Esq. (000172009)    Jaime R. Ackerman, Esq. (025782003)
Caitlin M. Donnelly, Esq. (034832011)    Christopher Ford, Esq. (006712005)
Nicholas J. Zabala, Esq. (156532015)    Denise Carlon, Esq. (001392008)
NJ15110FC
**KML Law Group, P.C.**
Kristina G. Murtha, Esq., Managing Attorney (034041990)
A Professional Corporation incorporated in Pennsylvania
216 Haddon Avenue, Ste. 406
Westmont, NJ 08108
609-250-0700 (NJ)
215-627-1322 (PA)
Attorney for Plaintiff

| Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F | SUPERIOR COURT OF NEW JERSEY<br>Mercer County<br>CHANCERY DIVISION<br>GENERAL EQUITY |
|---|---|
| Plaintiff | Docket No.  F-028748-15 |
| vs. | CIVIL ACTION |
| Asma W. Naik a/k/a Asma N. Naik, et al<br>Defendant(s) | **CERTIFICATION IN SUPPORT OF MOTION TO SUBSTITUTE PLAINTIFF** |

Jaime R. Ackerman, Esq., does hereby certify:

1.    I am an Attorney at Law of the State of New Jersey and a partner with the law firm of KML Law Group, P.C., attorneys for Plaintiff in the above-captioned action.  I am familiar with the records maintained by our firm in the ordinary course of business in connection with our representation of Plaintiff in this matter, have personally reviewed those records in connection with the making of this Certification and have personal knowledge of the facts set forth herein based upon that review.  I submit this Certification in support of Plaintiff's Motion to Substitute Plaintiff and am authorized to make this Certification.

2.    On November 9, 2016, IMPAC Mortgage Corp was assigned the subject mortgage from Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to

IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F. A true copy of the Assignment of Mortgage is annexed hereto as Exhibit A.

3.     As IMPAC Mortgage Corp is now the holder and assignee of the subject mortgage pursuant to N.J.S.A. 46:9-9 of the subject Mortgage, we respectfully request that the Court enter an Order Substituting Plaintiff, making IMPAC Mortgage Corp, rather than Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F the plaintiff in this matter.

I certify that the foregoing statements made by me are true.  I am aware that if any of the following statements made by me are willfully false, I am subject to punishment.

                                    KML LAW GROUP, P.C.
                                    Attorneys for Plaintiff

                             BY: _____
Dated:  December 15, 2016                 Jaime R. Ackerman, Esq.

# EXHIBIT A



# Mercer County
# Document Summary Sheet

MERCER COUNTY CLERK

MERCER COUNTY COURTHOUSE

209 SOUTH BROAD STREET

TRENTON NJ 08650

INSTR # 2016053223
A BK 1177 PG 1599
RECORDED 11/10/2016 03:09:15 PM
PAULA SOLLAMI COVELLO, COUNTY CLERK
MERCER COUNTY, NEW JERSEY

**Official Use Only**

| Transaction Identification Number | | 2857430 | 2202237 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 11/10/2016 | **Return Address** *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | 3 | KML LAW GROUP, P.C. | |
| **Recording Fee** *(excluding transfer tax)* | $60.00 | 701 MARKET ST STE 5000 | |
| **Realty Transfer Tax** | $0.00 | PHILADELPHIA, PA 19106 | |
| **Total Amount** | $60.00 | | |
| **Document Type** | ASSIGNMENT OF MORTGAGES | | |

**Municipal Codes**

MERCER COUNTY                99

**Batch Type**    L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**



129039

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MERCER COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***



# Mercer County
## Document Summary Sheet

| Type | ASSIGNMENT OF MORTGAGES |
|---|---|
| Consideration | |
| Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) |
| Document Date | 11/09/2016 |
| Reference Info | |

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| OR | 04118 | 0095 | | |

**ASSIGNMENT OF MORTGAGES**

| MORTGAGOR | Name | Address |
|---|---|---|
| | DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE | |
| | ASMA W NAIK | |
| | WASEEM NAIK | |

| ASSIGNEE | Name | Address |
|---|---|---|
| | IMPAC MORTGAGE CORP | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*DO NOT REMOVE THIS PAGE.*
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MERCER COUNTY FILING RECORD.
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

# Assignment of Mortgage

NJ15110FC

THE ASSIGNOR

    **Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F** referred to as the Assignor, for one dollar ($1.00) and other good and valuable consideration, the receipt whereof is hereby acknowledged, hereby assigns to:

**IMPAC Mortgage Corp** residing or located at:

    **c/o Loan Care Servicing Center, Inc.**
    **3637 Sentara Way, Suite 303**
    **Virginia Beach, VA 23452**

referred to as the Assignee; a certain Mortgage dated **December 29, 1997**, made by **Asma W. Naik and Waseem Naik** to as the Mortgagor(s). The property covered by the Mortgage is located in the **Township of West Windsor** in **Mercer** County, New Jersey. (Block 7 Lot 251.01)  The Mortgage was recorded on **January 31, 1998** in the office of the County Recording Officer of **Mercer** County, New Jersey, in **Book: 04118 Page: 0095** of the book of mortgages.  The original amount of the Mortgage was **$178,000.00.**

    **To have and to hold** the same unto the Assignee forever, subject only to all the provisions contained in the Mortgage.

    In all references in this Assignment to any parties, persons, entities or corporations the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

(For Recorder's Use Only)

**Signatures.** I agree to the terms of this Assignment. If the Assignor is a corporation, its proper corporate officers sign.

Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F

Name: STEVE YAMAMOTO
Title: Authorized Signer

STATE OF_____

COUNTY OF_____ SS:

I CERTIFY that on the _____ day of _____, 20____

Name
personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

Title
of Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

*Please see attached notary document*

_____
Notary Public

---

| | |
|---|---|
| *ASSIGNMENT OF MORTGAGE* | *Record and return to:*<br>**KML LAW GROUP, P.C.**<br>**BNY Mellon Independence Center – Suite 5000**<br>**701 Market Street**<br>**Philadelphia, PA 19106-1532**<br>NJ15110FC |
| **Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateralized asset-backed bonds, Series 2003-9F** | |
| **TO** | |
| **IMPAC Mortgage Corp** | |

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of *Orange* )

On *Nov. 9, 2016* before me, *Denise Lynn Anderson, Notary Public*
    *Date*      *Here insert Name and Title of the Officer*

personally appeared *STEVE YAMAMOTO*
     *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DENISE LYNN ANDERSON
Commission # 2133241
Notary Public - California
Orange County
My Comm. Expires Dec 6, 2019

Signature *Denise Lynn Anderson*
     *Signature of Notary Public*

    *Place Notary Seal Above*
──────────────────────── **OPTIONAL** ────────────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document** *22 Hanover Court West Windsor NJ*
Title or Type of Document: *ADM* Document Date: *Nov 9, 2016*
Number of Pages: *Three (2)* Signer(s) Other Than Named Above: *None*

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: *STEVE YAMAMOTO*
☒ Corporate Officer — Title(s): *authorized*
☐ Partner — ☐ Limited ☐ General *Signer*
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other:
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827) Item #5907

# EXHIBIT P

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

### District of New Jersey

In re  Asma W. Naik                                    ,          Case No.  21-18795-CMG

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Nationstar Mortgage LLC | Impact Mortgage Corp. |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:
 Mr. Cooper / Attn: Bankruptcy Department
 PO Box 619096
 Dallas, TX 75261-9741

Phone:  877-343-5602
Last Four Digits of Acct #:          2012

Court Claim # (if known):          4-1
Amount of Claim:          $333,007.40
Date Claim Filed:          01/19/2022

Phone:  800-909-9525
Last Four Digits of Acct. #:          4131

Name and Address where transferee payments
should be sent (if different from above):
 Mr. Cooper/ Attn: Bankruptcy Department
 PO Box 619094
 Dallas, TX 75261-9741

Phone:  877-343-5602
Last Four Digits of Acct #:          2012

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By: /s/ Jessica Ann Berry                              Date:  11/30/2023
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



*mr.*
**cooper**
CHANGING THE FACE OF HOME LOANS

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
PO Box 819050
5601 Postal Road
Cleveland, OH 44181

OUR INFO

**ONLINE**
www.mrcooper.com

**YOUR INFO**
**LOAN NUMBER**

**PROPERTY ADDRESS**
22 HANOVER CT
WEST WINDSOR, NJ 08540

ASMA W NAIK
22 HANOVER CT
WEST WINDSOR, NJ 08540

Dear ASMA W NAIK,

Welcome to Mr. Cooper! Effective 10/04/2023, Mr. Cooper is now the servicer for the above-referenced mortgage account. We're excited about the opportunity to serve you. You can count on Mr. Cooper to meet your needs whether you're looking to make a voluntary payment or have questions regarding the account. We offer various voluntary payment options and a toll free line 877-343-5602 with automated account information.

To ensure accuracy, please verify the following personal information:

**PERSONAL INFORMATION**                      **ACCOUNT INFORMATION**
**Home Phone Number:**                         **Property Address:**       22 HANOVER CT
**Work Phone Number:**       --                                            WEST WINDSOR, NJ 08540
**Mailing Address:**       22 HANOVER CT
                           WEST WINDSOR, NJ 08540

If you find any of the information listed above to be incorrect, please contact us immediately at 877-343-5602.

Please review all the material included with this Welcome Packet for additional information and important messages about the account.

At Mr. Cooper, your business and total satisfaction are important to us. Any time you have questions regarding the account, your Dedicated Loan Specialist is Eric Zamora and can be reached at (866)-316-2432, Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT) or mail your questions to:

Mr. Cooper
Attn: Bankruptcy Department
PO Box 619096
Dallas, TX 75261-9741

We look forward to a long and lasting relationship with you!

Sincerely,
Mr. Cooper

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



44-59/AQB

**This Area Intentionally Left Blank**

**IMPORTANT PAYMENT INFORMATION**

- It is important to use the remittance stub and envelope provided since both contain computer encoding that will help ensure prompt and accurate posting of payments. Always include your loan number on your check or money order. However, should you not receive your statement. DO NOT DELAY PAYMENT! Simply write your loan number on your check or money order and mail to the payment address as provided in the Contact Information section below.

- Do not send cash or correspondence as this could delay processing. Correspondence should be sent to the address provided in the Contact Information section below.

- Please be advised that if your account is delinquent or if there are fees and charges due, your account may not be paid ahead nor may principal reduction payments be applied. When Mr. Cooper receives a remittance that is in excess of a payment amount, that excess is applied to your account in accordance with a predetermined sequence: 1) Principal and Interest due; 2) Applicable Escrow amounts; 3) Fees and other charges assessed to your account. Once this sequence has been satisfied, you may give specific instructions as to how you would like excess amounts to be applied to your account by noting your preference on the face of your remittance stub.

- Any lump sum received that is not accompanied by a payoff quote will be applied according to our standard payment application rules. This will not result in satisfaction and receive your/release unless amount tendered satisfies all amounts due and owing on the account.

- A Schedule of Fee for Select Services may be found on our website at www.mrcooper.com.

The Servicemembers Civil Relief Act (SCRA) may offer protection or relief to members of the military who have been called to active duty. If you are a member of the military who has been called to active duty or received a Permanent Change of Station order and you have not already made us aware, please forward a copy of your orders to us at:
Mr. Cooper, Attn: Military Families, P.O. Box 619088, Dallas, TX 75261-9741, fax 855-856-0427 or email MilitaryFamilies@mrcooper.com. Be sure to include your loan number with the copy of the orders. Please visit our website at www.mrcooper.com for complete details regarding Legal Rights and Protections Under the SCRA.

**LATE CHARGES AND OVERDRAFT FEES**
If a payment is credited to your account and subsequently dishonored by your bank, Mr. Cooper will reverse that payment and assess your loan account an insufficient funds fee of up to $50.00, as permitted by applicable law. (This fee may vary by state.)

**HOMEOWNER COUNSELING NOTICE**
If your loan is delinquent, you are entitled to receive homeownership counseling from an agency approved by the United States Department of Housing and Urban Development (HUD). A list of the HUD-approved, nonprofit homeownership counseling agencies may be downloaded from the Internet at: http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or by calling the HUD toll free number 1-800-569-4287 (toll free TDD number 1-800-877-8339) to obtain a list of approved nonprofit agencies serving your residential area.

**NEW YORK STATE RESIDENTS**
For those customers who reside in the state of New York, a borrower may file complaints about the Servicer with the New York State Department of Financial Services or may obtain further information by calling the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov. Mr. Cooper is registered with the New York Superintendent of Financial Services.

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

## PAYMENT OPTIONS

**AUTOMATED PHONE PAYMENT** Is a pay-by-phone service provided through our automated phone system. There is no charge for this service. Call 877-343-5602.

**PAY BY MAIL** Detach the coupon provided with this statement and mail it with your check or money order in the envelope provided. Please write your loan number on your payment and allow adequate time for postal delays as the receipt and posting date will govern the assessment of late charges.

**MONEYGRAM® EXPRESSPAYMENT®** Ensures same-day delivery of your payment to Mr. Cooper. Visit your local MoneyGram Agent. Call 1-800-926-9400 to locate the one nearest you. Complete the ExpressPayment form, providing your name and Mr. Cooper loan number. The MoneyGram Receive Code is ***1678***. All ExpressPayment transactions require cash. The agent will charge a fee for this service.

**WESTERN UNION® QUICK COLLECT®** Ensures same-day delivery of your payment to Mr. Cooper. Visit your local Western Union Agent. Call 1-800-325-6000 to locate the one nearest you. Complete the Quick Collect form with your name and Mr. Cooper loan number, indicating:

Pay to: Mr. Cooper    Code City: MRCOOPER    State: TX
All Quick Collect transactions require cash. Western Union will charge a fee for this service.

## NOTICE TO CUSTOMERS MAKING PAYMENTS BY CHECK

**Authorization to Convert Your Check:** If you send us a check to make your payment, your check may be converted into an electronic fund transfer. An electronic fund transfer is the process in which your financial institution transfers funds electronically from your account to our account. By sending your completed signed check to us, you authorize us to copy your check and use the information from your check to make an electronic funds transfer from your account for the same amount as the check. If the electronic fund transfer cannot be processed for technical reasons, you authorize us to process the copy of your check.

**Insufficient Funds:** The electronic fund transfer from your account will usually occur within 24 hours of our receipt of your check. If the electronic fund transfer cannot be completed because of insufficient funds, you may be assessed an NSF fee in connection with the attempted transaction.

**Transaction Information:** The electronic fund transfer from your account will be on the account statement you receive from your financial institution. You will not receive your original check back from your financial institution. For security reasons, your original check will be destroyed, but we will keep a secured copy of the check for record keeping purposes.

**Your Rights:** You should contact your financial institution immediately if you believe that the electronic fund transfer reported on your statement was not properly authorized or is otherwise incorrect. Consumers have protections under the Electronic Fund Transfer Act for any unauthorized or incorrect electronic fund transfer.

## CONTACT INFORMATION

**CUSTOMER SERVICE: 877-343-5602,** Monday through Friday 8 am – 5 pm CT.
[Calls may be monitored and/or recorded for quality assurance purposes.]

**MAILING ADDRESSES:** For Mr. Cooper are listed below. Please carefully select the address suited to your needs and remember, sending payments to any address other than the one specifically identified for payments will result in delays and may result in additional fees being assessed to your account.

| BANKRUPTCY CASE NOTICES: | WRITTEN INFORMATION REQUESTS*: | OVERNIGHT DELIVERY CORRESPONDENCE: | INSURANCE RENEWALS/ BILLS: | TAX NOTICES/ BILLS: | BANKRUPTCY PAYMENTS: | REQUEST TO CANCEL OR RESUME PAYMENTS: |
|---|---|---|---|---|---|---|
| PO Box 619096 Dallas, TX 75261-9741 | PO Box 619098 Dallas, TX 75261-9741 | Lake Vista 4 800 State Highway 121 Bypass Lewisville, TX 75067 | PO Box 7729 Springfield, OH 45501-7729 Fax (800) 687-4729 | PO Box 9225 Coppell, TX 75019 Fax (817) 826-1861 | PO Box 619094 Dallas, TX 75261-9741 | PO Box 613287 Dallas, TX 75261 |

***ANY NOTICE OF ERROR, REQUEST FOR INFORMATION OR OTHER QUALIFIED WRITTEN REQUEST REGARDING THE SERVICING OF YOUR LOAN MUST BE SENT TO THIS ADDRESS: Mr. Cooper, P.O. Box 619098, Dallas, TX 75261-9741, Attn: Customer Relations Officer.** A written request must comply with the requirements of RESPA and Regulation X. A qualified written request means a written correspondence (other than notice on a payment coupon or other payment medium supplied by Mr. Cooper) that (1) includes or otherwise enables Mr. Cooper to identify the name and account of the borrower, and (2) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to Mr. Cooper regarding information sought by the borrower. A written request may be considered untimely if it is delivered to a servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full, whichever date is applicable. 

Mr. Cooper, its affiliates, successors or its assigns or their officers, directors, agents, or employees, are neither liable nor responsible for, or make any representation regarding the products or services offered on any enclosed inserts.

## CHANGE OF ADDRESS OR TELEPHONE NUMBER

CHECK THE APPROPRIATE BOX:    ☐ MAILING ADDRESS          ☐ TELEPHONE NUMBER          LOAN #: _____

| | |
|---|---|
| Borrower's Name: _____ | Co-Borrower's Name: _____ |
| Borrower's New Address: _____ | Co-Borrower's New Address: _____ |

Authorized Borrower's Number(s):
Home: ( ____ ) _____          Mobile: Yes  No
Work: ( ____ ) _____  Ext: ____          Mobile: Yes  No
Other: ( ____ ) _____          Mobile: Yes  No

Signature Required: _____

Authorized Co-Borrower's Number(s):
Home: ( ____ ) _____          Mobile: Yes  No
Work: ( ____ ) _____  Ext: ____          Mobile: Yes  No
Other: ( ____ ) _____          Mobile: Yes  No

Signature Required: _____

I consent to being contacted by Mr. Cooper at any telephone number I have provided. This includes, but is not limited to, calls from your dialing system to my cellular or mobile telephone.

**mr.**
**cooper**®
CHANGING THE FACE OF HOME LOANS

**Important Account Information**

**Escrow Account**

Our records indicate that the account has an escrow account for taxes and/or insurance. The mortgage payment amount includes the tax and/or insurance escrow payment. The current Escrow Balance is $0.00.

**Account Status**

Our records indicate the loan is currently in Active Bankruptcy status. If this information is incorrect, please contact us immediately at 877-343-5602. The loan is currently due for 06/01/2016 and the outstanding Unpaid Principal Balance is $124,740.52. This is the account contractual due date and does not reflect the account post-petition due date or any amounts being paid through a bankruptcy plan.

If you completed a loss mitigation agreement with your prior servicer, the agreement may have included a waiver of claims clause. This clause constitutes a waiver of rights and will not be enforced by Mr. Cooper at any time. An example of this language is:

Borrower has no right of set-off or counterclaim, or any defense to the obligation of the Notes of Security Instrument.

**Partial Payments Policy**

We would like to take this opportunity to inform you of our partial payments policy. Mr. Cooper accepts partial payments until the account becomes delinquent. When accepting partial payments, we may place funds that are less than a full payment in an unapplied funds account. These unapplied funds may remain in the unapplied funds account until the remainder necessary to complete the payment is received. These funds can still be used towards future payments. However, until sufficient funds accrue to make a complete payment, the account may incur late fees or may be reported as delinquent to credit bureaus where permitted under applicable law. The current unapplied funds balance is $4,369.87.

In the event an account becomes delinquent, we may limit the form and amount of payment that will be accepted.

If your loan is sold or transferred, the new "Servicer" or "Lender", may have a different policy.

**Welcome Packet - Enclosures**

**There is additional information provided in this packet. Please keep this information with your loan documents for future reference.**

# cooper®

## CHANGING THE FACE OF HOME LOANS

## Mortgage Related Fees and Costs for New Jersey*

| Mr. Cooper Related Fees and Costs | | |
|---|---|---|
| **Fee Type** | **Fee Description** | **Amount Charged** |
| Assumption Fee (credit qualifying) | Assumption fees are charged when a request is made and approved to change the individuals legally responsible for repaying the loan, which may or may not include a change in property ownership. | Up to $900 |
| Simple Assumption Fee | Simple Assumption fees are charged when a request is made and approved to add an individual to the loan, which is a transfer with no release of liability. | Up to $250 |
| Simple Assumption Document Preparation Fee | This fee is charged for the preparation of the Assumption documents. | Up to $250 |
| Biweekly AutoPay Fee | Assessed when customers choose an optional Biweekly AutoPay schedule to make an additional one-half (1/2) payment toward principal and interest. | $0 |
| Convenience Fee for Payments via Interactive Voice Response (IVR) | Convenience fees may be charged to borrowers making monthly payments via phone with an automated system. | $0 |
| Expedited Quote Delivery Fee | Assessed when borrowers or third parties request for expedited delivery via fax or email. | $0 |
| Insufficient Funds Fee (NSF) | Insufficient Funds (NSF) Fees are assessed when payments are returned due to insufficient funds in the originator's bank account. This is in addition to any fees that may be charged by the originating bank. | Up to $25 |
| Late Fee | Late Charges are assessed for payments received after the due date and applicable grace period. | Up to 5% of unpaid PITI or are assessed per Loan Documents, Investor Limitations, and State Law |
| Partial Release Fee | Partial release fees are assessed when partial releases of liens are requested. This fee is charged in advance of the partial release being processed. A partial release of a lien releases a portion of the property from the borrower's debt obligation. | $0 |
| Payoff Quote Preparation Fee | Payoff quote preparation fees are assessed when a payoff quote is requested. This fee will appear on the Payoff Quote. | $0 |
| Recast Fee | At request of borrower, the loan is reamortized to reduce the Principal and Interest payment amount. This usually follows a large prepayment of principal. | Up to $250 |
| Recording Costs | Recording costs are charged when mortgage loan documents are recorded with counties, states or municipalities. Recording costs are incurred when a loan is paid off and the release of lien is recorded. Recording costs may also be incurred during the default process. | Actual cost of recording |
| Repair Inspection Fee | Inspections of the property to verify that the repairs have been completed and meet requirements and building codes. | Up to $35 |
| Subordination Fee | Subordination Fees are assessed when subordination requests are considered. This fee is charged in advance of the subordination being processed. Subordinations subordinate one lien with another. In other words, they place one lien ahead of an existing lien. | $0 |
| Third Party Reconveyance/Release Preparation Fee | Fee charged at payoff for expenses related to releasing the lien or reconveying the Property. | $0 |

| HELOC | | |
|---|---|---|
| HELOC Annual Fees | Annual or membership fee charged for each year that the home equity loan is being serviced. | Up to $75 |
| HELOC Termination Fee | Termination charges are charged for terminating a home equity line of credit. | Termination Fees are assessed per Loan Documents |

**Default Costs**

| Type | Description | Amount Charged |
|---|---|---|
| **Valuation Costs** | | |
| Broker Price Opinion (BPO)[1,2,3] | An estimate of the market value of property by a real estate broker or other qualified individual. | Up to $375 per event |
| Appraisal[1,2,3] | An opinion of fair market value by an appraiser based on an inspection of the interior and/or exterior of a property. | Market Rate Charged by Third Party Contractors |
| Automated Valuation Model (AVM) | A review of value based on comparable and historical sale prices in proximity of the property. No onsite review of value or property condition is performed. | Up to $10 per event |
| **Inspection Cost** | | |
| Property Inspection[1,2] | Property inspection fees may be charged if property inspections are conducted per investor requirements and as allowed by the loan agreement and applicable law. | Ranges from $15 - $60 per event based on type of inspection required. |
| **Property Preservation Costs** | | |
| Property Photos[1,2] | We may have contractors take photographs to document property condition and/or property preservation services performed. | Up to $30 per maintenance event |
| Securing the property[1,2,5,11,12] | If the property is vacant and/or abandoned, contractors may be hired to secure the property. Services may include, but are not limited to, an initial secure of the property and re-keying locks, securing doors; installing slide bolts, locks, barrel bolts, deadbolts and padlocks; installing security doors with padlocks; and/or boarding garage doors or windows. | Market Rate Charged by Third Party Contractors |
| Lawn care/snow removal[1,2,3,5,10] | If the property is vacant and/or abandoned, contractors may be retained to perform lawn care or snow removal. Services may include periodically watering, trimming shrubs, and/or cutting the grass. Snow removal may include removing snow from the entry walk, porch and/or driveway. | Up to $500 per event |
| Plumbing, electrical, heating and cooling system maintenance and repair[1,2,11,12] | If the property is vacant and/or abandoned, we may have contractors repair and/or maintain the systems on the property including the plumbing, electrical, heating and cooling systems. If necessary, we may cap gas, water, sewer lines and/or exposed electrical wires. | Market Rate Charged by Third Party Contractors |
| Securitization of Pools, Spas, Jacuzzis & Hot Tubs | If the property is vacant and/or abandoned, contractors may secure pools, spas, Jacuzzi's and/or hot tubs. Services may include but are not limited to securing, covering, draining, disassembling, chlorinating and/or boarding. | Market Rate-charged by Third Party Contractors |
| Winterize/de-winterize[1,2,3,10] | If the property is vacant and/or abandoned, steps may be taken to protect the property from winter elements. Services may include but are not limited to, draining plumbing and heating systems, maintaining water services to houses where a community water service is involved, and/or turning off water supply to the property, and may include the use of air pressure and/or adding anti-freeze to prevent freeze-ups. | Up to $2,500 per event |
| Debris removal/personal property removal/vehicle removal[1,2,11,12] | If the property is vacant and/or abandoned, we may have contractors remove debris. Services may include but are not limited to the removal of hazardous or non-hazardous material, trash or personal property left behind (including non-functioning appliances, abandoned automobiles, boats, motorcycles, recreational vehicles and trailers or personal property). | Market Rate Charged by Third Party Contractors and the Cubic Yardage of the Debris being Removed. |
| Utilities[4] | If the property is vacant and/or abandoned, we may make water, electric and/or gas utility payments directly to the utility company and charge against the loan at the same amount | Up to $175 |
| Damage Repairs[1,2,5,11,12] | If the property is vacant and/or abandoned, we may have a contractor conduct repairs to address and fix identified damages to a property or otherwise take measures to prevent further damage from occurring. | Market Rate Charged by Third Party Contractors |

| **Health and Safety Costs** | | |
|---|---|---|
| Cleaning[1,2,11,12] | If the property is vacant and/or abandoned, we may have contractors provide cleaning services to address any Health and/or Safety issues. Services may include, but not be limited to, general cleaning, and cleaning refrigerators, stand alone freezers and toilets. | Market Rate Charged by Third Party Contractors |
| Environmental inspection and remediation[1,2,5,9] | If the property is vacant and/or abandoned, services may be provided to treat or remediate environmental hazards, including, but not limited to, mold, oil and toxic chemicals, in an attempt to prevent further damage and/or deterioration of the property. Molds, fungus, mildew, and similar organisms ("Mold Conditions") may exist in the Property of which the Servicer is unaware and has no actual knowledge. No representation or warranty is made in regard to the effectiveness of any treatment or remediation action which may be taken. | Market Rate Charged by Third Party Contractors |
| Extermination and pest control services, termite inspections and/or treatment[1,2,9] | If the property is vacant and/or abandoned, we may coordinate fumigation by a professional extermination company. Services may include but are not limited to removal of vermin or other animals, termite inspection and/or treatment. | Market Rate Charged by Third Party Contractors |
| **Foreclosure Fees and Costs** | | |
| Attorney/trustee Fees and Costs[6] | These are attorney fees and costs incurred and assessed with respect to the foreclosure process. Trustee costs may be charged in non-judicial states. | Actual fees/costs incurred unless limited by investor guidelines, applicable law or contract. |
| Process server[7] | We may have a process server who notifies all parties in person of interest of legal action in accordance with appropriate legal standards. | Up to $1,405 per each foreclosure action |
| Publication/posting[8] | We may be required to advertise or publish notice of a foreclosure sale. | Actual amount assessed |
| Transfer Tax | Some states require a transfer tax based on a percentage of the appraised value or sale price. | Actual amount assessed |
| Mailing Cost | We may be required to mail documents to parties holding an interest in the property. | Up to $100 per foreclosure action |
| **Title Costs** | | |
| Title Search[13] | This is the cost for title report, utilized by the trustee or foreclosure attorney. The cost may be based on unpaid principal balance (UPB). Prior to initiating foreclosure action, we must confirm lien position and interested parties. This cost does not include any insurance premium. | Up to $750 per each foreclosure action |
| **Bankruptcy Costs** | | |
| Bankruptcy fees and costs[6] | Once a bankruptcy is filed, attorney costs may be incurred as part of the bankruptcy process. | Actual fees/costs incurred unless limited by investor guidelines, applicable law or contract. |

Please note: The amount charged is subject to change based on the amount of the actual fee and or cost assessed and any applicable local ordinances, investor guidelines or state law. No fee and or cost shall exceed any state allowable limit or loan document limitations. No fee will be rendered for a service that is not applicable.

1 Costs are based on the market price for such services in a particular state/locale.

2 There may be an additional charge if the service is performed on a rush basis or ongoing maintenance is required.

3 Costs may exceed the stated range under extraordinary situations including, but not limited to, nonconforming properties, proposed construction, beach, canyon, rural and remote locations, atypical large gross living area and improvements may incur an additional charge.

4 Utility costs are passed through based on actual utility company billing. Depending on the circumstances - such as billing rates or consumption rate - the charges can vary widely.

5 Costs may vary depending on local ordinances.

6 Subject to the stated restrictions on fee recoverability, Fees/Costs incurred to an account represent the actual amount charged by the attorney or trustee for work performed. Attorney/Trustee costs can vary based upon many factors including, but not limited to, the amount of time spent or the issues raised. Except for the costs specifically listed in the Foreclosure Fee and Cost section, the amount incurred may also consist of related costs including, but not limited to, filing fees, court costs or other administrative or direct pass through expenses which may be required by contract, applicable law or Court rules.

7 Process server costs vary based on several factors including the number of parties that must be served and the difficulty of achieving service (e.g., the cost may be higher if a party is avoiding servicer, is difficult to locate or distant from the forum).

8 Publication/posting costs vary based on the publication method used and/or selected that may be required to meet local or legal requirements, such as court orders or mandates that require us to use specific publications which may significantly increase the amount assessed to the loan.

9 The amount for these costs varies widely and is dependent on many factors, including the nature and extent of the work performed or services provided, the location of the property, size of the residence, character of the infestation or contamination among other factors. 10 Costs may exceed the stated range under extraordinary situations including, but not limited to, emergency services, large lots, extensive landscaping, the size or condition of the systems and location, the amount of personal property or the condition of the property and location, the character or extend of any damage, local ordinances, or the term during which the property remains subject to default.

11 Costs may vary depending on extraordinary situations including, but not limited to, nonconforming properties, proposed construction, beach, canyon, rural and remote locations, atypical large gross living area and over-improvements may incur an additional charge.

12 Costs may vary depending on extraordinary situations including, but not limited to, emergency services, large lots, extensive landscaping, the size or condition of the systems and location, the amount of personal property or the condition of the property and location, the character or extend of any damage, local ordinances, or the term during which the property remains subject to default.

13 Depending on the circumstances of the foreclosure, title search may occur more than once, resulting in the cost being incurred more than once.

*The above fees and charges may vary due to applicable law.

Last revised on: February 16, 2023

*mr.*
# cooper

CHANGING THE FACE OF HOME LOANS

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
PO Box 619000
5861 Postal Road
Cleveland, OH 44181

OUR INFO
**ONLINE**
www.mrcooper.com

YOUR INFO
**LOAN NUMBER**
▮▮▮▮▮▮▮▮

**PROPERTY ADDRESS**
22 HANOVER CT
WEST WINDSOR, NJ 08540

ASMA W NAIK
22 HANOVER CT
WEST WINDSOR, NJ 08540

### NOTICE OF SERVICING TRANSFER

Dear ASMA W NAIK,

The servicing of the mortgage loan is being transferred, effective 10/04/2023. This means that after this date, a new servicer will be collecting the voluntary mortgage loan payments. Nothing else about the mortgage loan will change.

Impac Mortgage Corp. c/o LoanCare, LLC is now collecting the voluntary payments. Impac Mortgage Corp. c/o LoanCare, LLC will stop accepting voluntary payments received after 10/03/23.

Mr. Cooper will collect the voluntary payments going forward and will begin accepting voluntary payments received on 10/04/2023.

**Send all voluntary payments due on or after 10/04/2023 to Mr. Cooper at this address:**

**PO BOX 60516**
**CITY OF INDUSTRY, CA 91716-0516**

If you have any questions for either the present servicer, Impac Mortgage Corp. c/o LoanCare, LLC or the new servicer, Mr. Cooper, about the mortgage loan or this transfer, please contact them using the information below:

| **Current Servicer:** | **New Servicer:** |
|---|---|
| Impac Mortgage Corp. c/o LoanCare, LLC | Mr. Cooper |
| Customer Service Department | Bankruptcy Department |
| P.O. Box 8068 | 8950 Cypress Waters Blvd. |
| Virginia Beach, VA 23450 | Coppell, TX 75019 |
| 855-703-7268 | 877-343-5602 |

**Your mortgage life insurance, disability insurance and/or other optional insurance products and services will not transfer to Mr. Cooper. If you wish to retain these policies, you should contact your current optional insurance carrier or service provider.**

For 60 days after your transfer to Mr. Cooper, there will be no late fees or negative credit reporting for any payments sent to your previous servicer by its due date, as required by federal law.

Sincerely,

Mr. Cooper

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

